## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## No. 14-13715-E

---

## NEDZAD MILJKOVIC,

Plaintiff/Appellant,

v.

## SHAFRITZ AND DINKIN, P.A. and MITCHELL A. DINKIN,

Defendants/Appellees.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT
## COURT FOR THE MIDDLE DISTRICT OF FLORIDA,
## TAMPA DIVISION
### Lower Court Case No.:  8:14-CV-00635

---

---

## APPELLANT'S INITIAL BRIEF

---

| | |
|---|---|
| **ERIC C. ROBERSON, P.A.** | **SCOTT R. BAURIES** |
| Eric C. Roberson | Florida Bar No. 0014968 |
| Florida Bar No. 0014649 | 7207 Vaughn Road |
| 2064 Park Street | Canton, GA 30115 |
| Jacksonville, FL  32204 | (904) 200-1352 |
| (904) 404-8800 | (904) 517-8387 (facsimile) |
| (904) 517-8387 (facsimile) | scott.bauries@uky.edu |
| eric@robersonlawjax.com | |
| | |
| Counsel for Appellant | Counsel for Appellant |

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

Appellant Nedzad Miljkovic and undersigned counsel, pursuant to 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1, hereby certify that the following is a full and complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations (including those related to a party as a subsidiary, conglomerate, affiliate, or parent corporation) having either an interest in the outcome of this case, a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

1.      Scott R. Bauries

2.      Steven R. Braten

3.      Mitchell A. Dinkin

4.      Eric C. Roberson, P.A.

5.      The Honorable Virginia M. Hernandez Covington

6.      Nedzad Miljkovic

7.      Eric C. Roberson

8.      Shafritz and Dinkin, P.A.

9.      Steven R. Braten, P.A.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant Nedzad Miljkovic respectfully requests oral argument.  Appellant requests oral argument because this appeal presents an issue of first impression for the Eleventh Circuit and involves a conflict between District Courts within this Circuit.

# **TABLE OF CONTENTS**

Page No.

CERTIFICATE OF INTERESTED PARTIES ......................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................................2

TABLE OF CITATIONS ......................................................................................5

STATEMENT OF JURISDICTION.......................................................................9

STATEMENT OF THE ISSUE............................................................................10

STATEMENT OF THE CASE AND FACTS ....................................................11

STANDARD OF REVIEW .................................................................................18

SUMMARY OF THE ARGUMENT ..................................................................19

ARGUMENT AND CITATIONS OF AUTHORITY .........................................23

I.      The District Court erred in holding that the FDCPA does not apply to
        Appellees' conduct............................................................................23

II.     The District Court erred in holding that a sworn affidavit filed with
        the court cannot be "conduct the natural consequence of which is to
        harass, oppress, or abuse" a consumer under Section 1692d of the
        FDCPA where the consumer is represented by an attorney.........................31

III.    The District Court erred in holding that the filing of a sworn statement
        to the court without a factual basis, and in fact with actual knowledge
        to the contrary, could not be a "false or misleading" statement under
        the meaning of Section 1692e of the FDCPA. ............................................36

IV.     The District Court erred in holding that, to state a claim under the
        "catch-all" section of the FDCPA, Section 1692f, a party must have a
        viable claim under one of the more specific subsections of the
        FDCPA, or must state facts independent of the facts grounding any
        non-viable claims under such more specific subsections...........................42

3

A.    The Court erred in failing to apply, or even discuss, several federal cases which have found claims under Section 1692f viable under circumstances similar to those present in this case. ...... 43

B.    The Court erred in holding that a count in a complaint stating a claim under Section 1692f must be grounded on facts distinct from the facts grounding claims in other counts of the same complaint. ........................................................................................ 46

C.    The Court erred in holding that, where factual allegations are incorporated by reference into a count alleging a claim under Section 1692f from one or more counts in the same complaint alleging violations of Sections 1692d or e, the Section 1692f claim must be dismissed unless one of the other subsections is satisfied. ............................................................................... 50

CONCLUSION ................................................................................ 56

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .................................... 57

CERTIFICATE OF SERVICE ............................................................... 58

# TABLE OF CITATIONS

Page No.

## FEDERAL CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................49

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................49

*Bray v. Cadle Co.*,
   No. 4:09-cv-663 2010 WL 4053794 (S.D. Tex. Oct. 14, 2010).......28, 45, 48, 49

*Chalik v. Westport Recovery Corp.*,
   677 F. Supp. 2d 1322 (S.D. Fla. 2009)........ 16, 20, 32, 33, 34, 35, 37, 38, 51, 52

*Clomon v. Jackson*,
   988 F. 2d 1314 (2d Cir. 1993) ............................................................39

*Crawford v. LVNV Funding, LLC*,
   758 F. 3d 1254 (11th Cir. 2014) .....................................................23, 29, 38, 39

*Edwards v. McCormick*,
   136 F. Supp. 2d 795 (S.D. Ohio 2001) ........................................................46, 47

*Evory v. RJM Acquisitions Funding L.L.C.*,
   505 F. 3d 769 (7th Cir. 2007) ............................................................27

*Foti v. NCO Financial Systems, Inc.*,
   424 F. Supp. 2d 643 (S.D.N.Y 2013) ........................................50, 51, 52, 53, 54

*Goodrow v. Friedman & MacFadyen, P.A.*,
   788 F. Supp. 2d 464 (E.D. Va. 2011) .............................................................26

*Heintz v. Jenkins*,
   514 U.S. 291 (1995)........................................................................24, 25, 26, 31

*Hogue v. Palisades Collection, LLC,*,
   494 F. Supp. 2d 1043 (S.D. Iowa) .................... 26, 28, 37, 38, 43, 44, 45, 46, 47

*Hoover v. Monarch Recovery Management, Inc.*,
   888 F. Supp. 2d 589 (E.D. Pa. 2012)................................................................46

*Jerman v. Carlisle, McNeillie, Rini, Kramer & Ulrich LPA*,
    559 U.S. 573 (2010) .......................................................................................23, 24

*Jeter v. Credit Bureau, Inc.*,
    760 F. 2d 1168 (11th Cir. 1985) ..................................................................32, 37

*Johnson v. BAC Home Loan Servicing, LP.*,
    867 F. Supp. 2d 766 (E.D.N.C. 2011) ................................................................46

*Jordon v. Thomas & Thomas*,
    No. C-1-04-296 2007 WL 2838474 (S.D. Ohio Sept. 26, 2007) .......................28

*LeBlanc v. Unifund CCR Partners*,
    601 F. 3d 1185 (11th Cir. 2010) ........................................................................39

*Lox v. CDA, Ltd.*,
    689 F. 3d. 818 (N.D. Ill. 2014) ....................................................................40, 42

*Mace v. Van Ru Credit Corp.*,
    109 F. 3d 338 (7th Cir. 1997) ............................................................................23

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
    637 F. 3d 939 (9th Cir. 2011) ............................................................................26

*Meadows v. Franklin Collection Service, Inc.*,
    414 Fed. App'x. 230 (11th Cir. 2011) ..........................................................32, 35

*Murphy v. F.D.I.C.*,
    208 F. 3d 959 (11th Cir. 2000) ..........................................................................18

*Okyere v. Palisades Colleciton, LLC*,
    961 F. Supp. 2d 522 (S.D.N.Y. 2013) ................................................................53

*Osborn v. Ekpsz, LLC*,
    821 F. Supp. 2d 859 (S.D. Tex. 2011) ..........................................................46, 47

*Simmons v. Roundup Funding, LLC*,
    622 F. 3d 93 (2d Cir. 2010) ..........................................................................29, 30

*Taylor v. Heath W. Williams, LLC.*,
    510 F. Supp. 2d 1206 (N.D. Ga. 2007) ........................................................50, 51

*Todd v. Weltman, Weinberg & Reis, Co., L.P.A.*,
    348 F. Supp. 2d 903 (S.D. Ohio 2004) .................................................28, 45, 54

*Todd v. Weltman, Weinberg & Reis, Co., L.P.A.*,
    434 F. 3d 432 (6th Cir. 2006) ...........................................................................28

*Tsenes v. Trans-Continental Credit and Collection Corp.*,
    892 F. Supp. 461 (E.D.N.Y. 1995) ...................................................51, 52, 53, 54

## SENATE REPORTS

S. Rep. No. 95-382, at 4, (1977),
    1977 U.S.C.A.N. 1692 ......................................................................................46

## FEDERAL STATUTES

15 U.S.C. § 1692a .............................................................................................25, 27

15 U.S.C. § 1692b ..................................................................................................25

15 U.S.C. § 1692c ..................................................................................................25

15 U.S.C. § 1692d........................... 13, 15, 20, 31, 32, 33, 34, 35, 36, 47, 48, 51, 53

15 U.S.C. § 1692e ......... 13, 16, 20, 25, 29, 31, 34, 37, 41, 42, 47, 49, 50, 51, 52, 54

15 U.S.C. § 1692f...................................................................................................

.......13, 16, 21, 25, 29, 37, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52,53, 54, 55

15 U.S.C. § 1692g...............................................................................................51, 52

15 U.S.C. § 1692k ............................................................................................24, 25, 40

17 U.S.C. § 504 .....................................................................................................47

28 U.S.C. § 1291 .....................................................................................................9

28 U.S.C. § 1331 .....................................................................................................9

## STATE STATUTES

Fla. Stat. Ann. § 92.525 ........................................................................................26

## RULES

Fed. R. App. P. 25 ...................................................................58

Fed. R. App. P. 26.1 .................................................................1

Fed. R. App. P. 32 ...................................................................57

Fed. R. Civ. P. 8. ...............................................47, 49, 54, 55

Fed. R. Civ. P. 12 ...........................................13, 18, 54

Fed. R. Civ. P. 56 ....................................................................54

11th. Cir. R. 26.1-1 ..................................................................1

## <u>STATEMENT OF JURISDICTION</u>

The District Court had subject matter jurisdiction under 15 U.S.C. § 1692, *et seq.*, and pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over the issues raised in this appeal pursuant to 28 U.S.C. § 1291, as the District Court entered a final order on July 18, 2014, granting the Appellees' Motion to Dismiss and directing the clerk to close the case. Appellant timely noticed his appeal on August 15, 2014.

## STATEMENT OF THE ISSUE

1. Did the District Court err in granting Appellants' Motion to Dismiss by finding that the Fair Debt Collection Practices Act did not prohibit a lawyer from filing a false, misleading or deceptive affidavit to continue a wage-garnishment?

## STATEMENT OF THE CASE AND FACTS

### (i)  Factual Background

The lawsuit arises from Appellees Shafritz and Dinkin, P.A. and Mitchell A. Dinkin's (collectively, "Dinkin" or "Appellees") actions in a state-court debt collection lawsuit.  [*See generally* D.E. 1].  Dinkin's practice primarily involves the collection of consumer debt.  [D.E. 1, ¶ 5].  As such, Dinkin is a debt collector as that term is defined by 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or the "FDCPA").  [*Id.*].

After obtaining a judgment on a consumer debt against Appellant, Dinkin initiated a garnishment against Appellant's wages.  [D.E. 1, ¶ 10].  However, Florida law prevents wage garnishment against the Head of Family - defined as any person who provides more than half the support for a child or other dependent. [*Id.* at ¶ 13]. Appellant qualifies as the Head of Family.  [*Id.* at ¶ 32].

Appellant filed a Claim of Exemption and Request for Hearing along with a sworn affidavit detailing that Appellant's wife is disabled, unable to work since 2009 and dependent on his wages for support.  [D.E. 1, ¶ 13, Ex. A].  Appellant, through counsel, served Dinkin with the Claim of Exemption and sworn affidavit on January 31, 2014.  [*Id.* at ¶ 19].

Dinkin, without any factual basis and solely to prolong the improper wage garnishment in an effort to leverage a settlement, immediately filed a sworn

11

affidavit in the state court stating that the facts regarding Appellant's claim of exemption were in dispute.  [D.E. 1, ¶¶ 21-23].  Dinkin had no factual basis to dispute Appellant's sworn proof that his wages were exempt from garnishment. [*Id*. at ¶ 23].

Along with the Affidavit, Dinkin served on Appellant extensive discovery requests largely unrelated to Appellant's claim of exemption.  [D.E. 1, ¶ 25]. Dinkin also requested additional information on "how much the wife receives in Social Security and what her monthly overhead is in order to determine if [Appellant] provides more than half the support."  [D.E. 1, ¶ 24].

Appellant provided this information, including 3 months of bank statements and a monthly budget, on February 18, 2014, showing clearly that Appellant's own earnings, at all times relevant to this appeal, made up more than fifty percent of his household's earnings.  [D.E. 1, ¶ 26].  Nevertheless, Dinkin refused to withdraw his Affidavit or otherwise release the garnishment and, instead, demanded the additional, irrelevant financial information sought through discovery.  [*Id*. at ¶¶ 27-28].

The first available hearing for the claim of exemption was not for several weeks.  [D.E. 1, ¶ 27].  Dinkin attempted to leverage the continued garnishment and delay in being able to have the matter heard to force Appellant into agreeing to an improper garnishment.  [*Id*. at ¶¶ 27-30].

12

Dinkin has never claimed to have any factual basis for disputing Appellant's claim of exemption.  [D.E. 1, ¶ 31].  Instead, Dinkin claims that the Florida Statutes do not require any good faith basis to file a sworn affidavit.  [D.E. 16, pp. 8-9].  Dinkin has the practice of filing such a sworn affidavit disputing a claim of exemption in all cases, regardless of whether there is any factual basis for his sworn assertions in a particular case.  [D.E. 1, ¶ 33].

On February 24, 2014, Appellant noticed Dinkin's deposition, as the affiant making a sworn representation to the court, to occur on March 10, 2014.  [*Id*. at ¶ 32].  Almost immediately thereafter, on February 28, 2014, Dinkin moved to dissolve the improper garnishment.  [*Id*.].  That is, once Dinkin knew that he would be required to admit, under oath, that there was no factual basis for his sworn Affidavit,he released the garnishment.  [D.E. 1, ¶¶31-32].

**(ii)**  **Procedural History**

On March 14, 2014, Appellant filed a Complaint against Dinkin in the United States District Court for the Middle District of Florida, Tampa Division. [D.E. 1].  The Complaint stated a single count alleging that Dinkin violated the FDCPA - specifically Sections 1692d, 1692e and 1692f.  [*Id*. at ¶ 36].

Appellees filed their Motion to Dismiss Plaintiff's Complaint With Prejudice (FRCP 12b(b)(6) and Incorporated Memorandum of Law (Dispositive Motion) (the "Motion to Dismiss") on May 19, 2014.  [D.E. 16].  The thrust of Appellees'

Motion to Dismiss was that Dinkin complied with Florida's garnishment statute and, thus, Appellant could not state a claim under the FDCPA. [*Id*.].

Appellant timely filed his Memorandum in Opposition to Defendant's Motion to Dismiss. [D.E. 18]. The Opposition argued that federal law, not state law, governs what constitutes a violation of the FDCPA and cited to several federal cases finding FDCPA violations against attorney debt collectors who filed improper affidavits in connection with a garnishment proceeding. [*Id*.].

Appellees filed a reply, [D.E. 24], with leave of court. [D.E. 23]. The reply again argued that compliance with Florida's garnishment statutes barred an action under the FDCPA. [D.E. 24, ¶¶ 2-4]. Appellees also argued that there is no requirement under Florida law to have a good faith basis to file a sworn affidavit opposing Appellant's claim of exemption. [*Id*. at ¶¶ 22-24].

The District Court *sua sponte* scheduled oral argument on the Motion to Dismiss for July 2, 2014. [D.E. 21].

In advance of the hearing, both Appellant and Appellees filed Notices of Supplemental Authority on June 30, 2014. [D.E. 27, 28]. For the first time, three days before the hearing, Appellees advanced an argument that the conduct at issue was not within the purview of the FDCPA because the statements at issue were

not communications directed towards a consumer.[1]   [D.E. 27].   In response, Appellant's Notice of Supplemental Authority provided five cases holding that the FDCPA fully applied to an attorney's litigation conduct.  [D.E. 28].

Following the hearing, Appellant sought leave to file additional briefing regarding the applicability of the FDCPA to litigation conduct.  [D.E. 31].  The District Court denied this request.  [D.E. 32].

On July 18, 2014, the District Court granted the Motion to Dismiss with Prejudice and directed the Clerk of Court to enter judgment in Appellees' favor. [D.E. 34].   The court began its analysis by doubting the applicability of the FDCPA to litigation conduct such as filing sworn affidavits with a court.  [*Id*. at pp. 8-12].  The court then analyzed whether the Complaint stated a claim under the three claimed sections of the FDCPA.

As to Appellant's Section 1692d claim, the court held that "filing a sworn reply in opposition to a claim of exemption with information that the garnished funds may be exempt does not qualify as conduct the natural consequence of which is to harass, oppress, or abuse."  [D.E. 34, p. 15 (internal quotations omitted)].  The court reasoned that Congress did not intend the FDCPA to apply

---

[1]Previously, Appellees had briefly argued only that Dinkin's email communications to Appellant's counsel were not communications covered by the FDCPA.  [*See* D.E. 16, pp. 15-16].

to such conduct where the consumer is represented by an attorney.  [D.E. 34, p. 15].

For the Section 1692e claim, the court departed from the Southern District of Florida's reasoning in *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322 (S.D. Fla. 2009).  In *Chalik*, the court denied a motion to dismiss a Section 1692e claim in virtually identical circumstances by stating:

> A jury could find Defendants' sworn statement denying Plaintiff's claim of exemption, if untrue, to be a false representation.  Thus, the filing of an untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by § 1692e(10) or more generally, § 1692e.

[D.E. 34, p. 18 (citing *Chalik*)].

The court distinguished *Chalik* on the basis that Chalik was *pro se* whereas Appellant was represented by counsel.  [D.E. 34, pp. 18-19].  As such, the court refused to apply the well-established "least sophisticated consumer" standard and instead held, as a matter of law, that Dinkin's affidavit was not misleading or deceptive because an attorney could explain it to Appellant.  [*Id*. at p. 19].

Finally, the court declined to analyze Appellant's Section 1692f claim. Instead, the court found that, because Dinkin's conduct did not violate the other sections of the FDCPA, the 1692f claim must also fail.  [D.E. 34, pp. 20-22].  This rule of forfeiture did not originate from Congress or the text of the FDCPA. Moreover, in crafting its rule, the District Court avoided discussing the several

cases throughout this nation in which Section 1692f claims have been found to be viable against attorneys filing false, deceptive, and misleading affidavits in connection with wage garnishments.

At the hearing, Appellant did not seek leave to amend to add additional facts and chose to rely on the facts set forth in the Complaint because the disputes and arguments presented to the court were entirely legal in nature. [D.E. 34, p. 16]. The District Court's Order dismissing Plaintiff's Complaint confirms the entirely legal nature of the disputes at issue, as the Order holds that the FDCPA either does not apply to Appellant's claims or is not satisfied as a matter of law. As such, the court's dismissal was with prejudice. [*See id.* at p. 23]. Pursuant to the court's direction, Judgment was entered in Appellees' favor on July 21, 2014. [D.E. 36].

Appellant timely appealed. [D.E. 38]. On appeal, Appellant challenges the District Court's Order granting Appellees' Motion to Dismiss. Appellant respectfully submits that the allegations in Appellant's Complaint state claims under multiple sections of the FDCPA and, therefore, the District Court erred by dismissing Appellant's Complaint as a matter of law at the pleading stage.

17

## **STANDARD OF REVIEW**

The Eleventh Circuit reviews a trial court's dismissal for failure to state a claim *de novo*. *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000). In considering Appellees' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must accept the allegations in the complaint as true and construe those allegations in the light most favorable to Appellant. *Id*.

## SUMMARY OF THE ARGUMENT

The District Court concluded that Appellant's claim must be dismissed.  To reach that conclusion, the court had to (i) ignore the text, history, and purpose of the FDCPA; (ii) judicially craft a gaping exception to the FDCPA's protections; (iii) ignore several cases finding viable FDCPA claims in similar factual circumstances; and (iv) erode the long-standing "least sophisticated consumer" standard used to evaluate certain of Appellant's claims.

The District Court's Order contains four main holdings.  First, the court does not believe the FDCPA applies to Appellant's claim because he was represented by an attorney and, thus, does not need the statute's protections.  Congress, however, expressly encourages aggrieved parties in FDCPA cases to obtain the protection of counsel by providing for the recovery of attorney's fees to successful consumers.  It is inconceivable that Congress simultaneously also would have intended that the statute not apply to consumers who have counsel in their state-law debt collection proceedings.  Tellingly, both Congress and the Supreme Court have declined to recognize a litigation exception for the FDCPA, and Congress specifically repealed an exemption that previously existed in the statute for debt collection attorneys.  Plainly, Congress did not intend to immunize litigation conduct from the FDCPA's protections.

Second, the District Court held that filing a false, misleading or deceptive affidavit denying a claim of exemption with actual knowledge that Appellant's wages were exempt is not the sort of "harassing or abusive" conduct proscribed by Section 1692d. This ruling conflicts with the Southern District of Florida's opinion in *Chalik*. Given the broad protections provided by the FDCPA, Appellees' improper conduct should be covered by the statute.

Third, the District Court ruled that Appellees' conduct of filing a false, sworn affidavit, without a factual basis, and solely to prolong an improper garnishment to leverage a settlement, was not false, deceptive, or misleading in violation of Sections 1692e and 1692e(10) because Appellant was represented by an attorney who,himself,would not be misled by the improper conduct. To reach this conclusion, the court had to disregard the contrary outcome in *Chalik* given extremely similar facts. The court alsodeclined to apply the well-established, objective "least sophisticated consumer" standard and, instead, improperly used the subjective standard of Appellant's own circumstances as a test not for whether or to what extent Appellant suffered harm, but for whether Appellees' conduct of filing a false sworn affidavit without any factual basis, and solely to prolong and leverage an improper garnishment into a settlement, was false, deceptive, or misleading in the first place.

There is no statutory exception to the FDCPA's anti-deception protections for a consumer represented by an attorney in an underlying state-court collection action, and Congress has specifically encouraged attorney representation in the statute. Notwithstanding this lack of support in the text or structure of the statute, the District Court nevertheless held that Congress did not intend for the FDCPA's anti-deception protections to apply where a consumer has counsel. The District Court's rule, in effect, allows – even encourages – a debt collection attorney to engage in false, deceptive, and misleading conduct, as Appellees did here, with complete impunity if the consumer himself has counsel, and thereby punishes the consumer simply for hiring an attorney to represent him during the state-court collection process.

Finally, the District Court declined to analyze Appellant's claims under Section 1692f on the merits. Instead, the court ruled that, because the other FDCPA claims fail, the Section 1692f claim founded on the same facts and pleaded in the alternative must fail as well. This ruling failed to account for several cases where other courts have permitted Section 1692f claims in factually similar circumstances, pleaded in the alternative alongside other FDCPA claims. As Section 1692f was enacted as a "catch-all" provision, and as the Federal Rules permit pleading in the alternative, the court's ruling creates a "Catch-22" where a plaintiff's otherwise viable Section 1692f claim will be dismissed if the plaintiff

21

also asserts any other claim under the FDCPA on the same facts in the alternative, regardless of whether that other claim is viable. This Catch-22 has the effect of completely nullifying the catch-all provision.

The FDCPA exists to protect consumers from improper debt collection activities. The District Court's Order severely undermines those protections and must be reversed.

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    The District Court erred in holding that the FDCPA does not apply to Appellees' conduct.**

The FDCPA is not a narrow, exception-riddled statute.  Congress cast a wide net to protect consumers from the vast abuses that occur in the collection process.  *See* 15 U.S.C. § 1692a ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.")  The existing state laws were inadequate to protect consumers.  15 U.S.C. § 1692b.  The FDCPA "was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life."  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997).  It is hard to imagine a more abusive or disruptive scenario than having an improper wage garnishment continued for several weeks based on an attorney's false, deceptive, and misleading affidavit.

The FDCPA imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair debt collection practices against consumers.  *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010)).  Importantly, Congress enacted no provisions to exempt consumers represented by counsel from the FDCPA's broad protections, nor is there any evidence in the legislative history that Congress intended any such exemption.

23

There is no question that the FDCPA applies to attorneys engaged in debt collection. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (FDCPA "applies to attorneys who regularly engage in consumer debt collection activity, even when that activity consists of litigation"); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573 (2010).

Despite this clear mandate from the Supreme Court, a minority of courts have carved out judicially-created exceptions to the FDCPA, finding that attorney representation in an underlying state court action renders the powerful protections of the FDCPA inapplicable. The District Court adopted this minority view which would allow debt collectors to flout Congress's broad protections and engage in any sort of deceptive and unfair conduct with complete impunity if the consumer is lucky enough to find an attorney. This could not have been Congress's intent.

Indeed, Congress wanted to encourage – not discourage –consumers being represented by counsel. The FDCPA provides for attorney's fees for a successful action enforcing the protections of the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). On the other hand, however, a prevailing defendant can only recover fees if the suit was brought in bad faith and for purposes of harassment. *Id*. Obviously if Congress was trying to encourage attorneys to represent clients with FDCPA claims, it could not have also meant to imply an exception to the FDCPA for those clients represented by counsel.

Congress knows how to create exceptions to the broad protections of the FDCPA. The current statutory text contains sevenclear exemptions.[2] Of particular relevance in this case, Section 1692e(11) exempts "a formal pleading made in connection with a legal action" from disclosing that the communication is from a debt collector. 15 U.S.C. § 1692e(11). Importantly, this exception is only an exception to the disclosure requirements, not to the other provisions of the statute, so by natural implication, even the filing of a pleading in court can violate those other provisions.

All indications, therefore, are that Congress intended the FDCPA to apply to litigation conduct. Indeed,a previous version of the FDCPA expressly excluded from its coverage "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client." *Heintz*, 514 U.S. at 294. Congress, however, repealed this exemption in 1986. *Id.* at 294-95. The United States Supreme Court subsequently, and correctly, declined to judicially recognize a post-amendment exemption for litigation activities. *Id.* at 297-99.

Moreover, several courts have found no issues with imposing liability under the FDCPA for an attorney's conduct against a represented party. *See e.g. Heintz*, 514 US 291 (affirming liability for letter sent by creditor's attorney to consumer's

---

[2]*See* 1692a(6)(A)-(F); 1692b(6); 1692c(c)(1)-(3); 1692e(11); 1692f(8); 1692k(c); and 1692k(e)

attorney); *McCollough v. Johnson, Rodenberg & Lauinger*, 637 F. 3d 939 (9th Cir. 2011) (affirming jury verdict based, in part, on continued prosecution of collection lawsuit after consumer was represented by counsel); *Goodrow v. Friedman & MacFayden, P.A.*, 788 F.Supp. 2d 464 (E.D. Va. 2011) (denying Motion to Dismiss for claims based on post-representation statements); *Hogue v. Palisades Collection, LLC*, 494 F.Supp. 2d  1043 (S.D. Iowa 2007) (denying Motion to Dismiss where attorney filed for garnishment after receiving affidavit from consumer's attorney detailing that funds were exempt).

The District Court relied not on the Supreme Court's decision in *Heintz*, but on a District of Connecticut case, to hold that the FDCPA did not apply to Appellees' conduct because (i) Dinkin's sworn affidavit was not directed to Appellant, himself, but to the court; and (ii) the sworn affidavit was "a formulaic procedural filing requesting an evidentiary hearing rather than a formal pleading making factual allegations ...." [D.E. 34, pp. 8-12].  These rulings flatly contradict the FDCPA, which contains no general exception for judicial filings, and they also contradict the general approach of courts in the United States to sworn affidavits, which approach views such documents as anything but mere "formulaic" recitals.[3]

---

[3] For example, Florida law makes the filing of a false "affidavit," among other documents, subject to the penalty of perjury.  *See* Fla. Stat. § 92.525(3) (imposing the penalty of perjury on the making of a false written declaration); § 92.525(4) defining the "document" to which this penalty applies as, among others, an "affidavit").  If the filing of an affidavit were a "mere formulaic procedural

Indeed, the District Court itself acknowledged in a footnote to its Order that the FDCPA contains no blanket exemption for court filings and formal pleadings, [D.E. 34, n. 2], and reducing the importance of a party's attorney's sworn affidavit to the status of a "formulaic procedural filing" is insufficient to create such an exemption where Congress has rejected it.

Appellees' conduct clearly falls within the proscriptions of the FDCPA. First, while Appellant's claims arise from Dinkin's conduct as a whole in attempting to collect the debt– and not solely from Dinkin's sworn affidavit filed with the state court –Dinkin's affidavit is nevertheless a "communication" under the FDCPA.  Section 1692a(2) of the FDCPA defines a communication as "the conveying of information regarding a debt directly *or indirectly* to any person *through any medium*."  15 U.S.C. § 1692a(2) (emphasis added).  Dinkin's filing – a sworn affidavit stating that facts were in dispute in furtherance of collecting a debt – is certainly an indirect conveyance of information to the consumer and the consumer's attorney through the medium of the clerk of court.  *See also Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 773 (7th Cir. 2007) (consumer's attorney was 'any person' and 'any medium' for purposes of communication).

---

requirement," as the District Court believes, such filing would not carry with it such strict protections against falsity.  Adopting the District Court's view would severely undermine the ability of courts to rely on affidavits as sworn proof in other cases.

Numerous cases permit FDCPA claims arising from a debt collection attorney's affidavit filed with the court in connection with a wage garnishment. *See e.g. Hogue v. Palisades Collection, LLC*, 494 F.Supp. 2d 1043 (S.D. Iowa 2007); *Bray v. Cadle Co.*, 4:09-cv-663, 2010 WL 4053794, *15 (S.D. Tex. Oct. 14, 2010); *Todd v. Weltman, Weinberg & Reis Co, L.P.A.*, 348 F. Supp. 2d 903 (S.D. Ohio 2004), *affirmed*434 F. 3d 432 (6th Cir. 2006); *Jordan v. Thomas & Thomas*, C-1-04-296, 2007 WL 2838474 (S.D. Ohio Sept. 26, 2007).  Indeed, neither the undersigned, opposing counsel, nor the District Court were able to identify any case rejecting such a claim.

Second, classifying Appellees' sworn response as a "formulaic request for a hearing," also overlooks the contents of both Dinkin's Affidavit and Appellant's pleadings.  Dinkin's sworn affidavit did not simply ask for a hearing, it made a sworn representation that there were factual disputes regarding Appellant's entitlement to the Head of Family exemption from the garnishment.  [D.E. 1, Ex. B].  Taking Appellant's allegations as true, Appellees made the sworn response in bad faith and with actual knowledge that the garnished wages were exempt.  [*Id*. at ¶¶ 23, 36].

As such, the Affidavit, as a communication to the court and an indirect communication to the consumer, was false, deceptive, and misleading, and tended to harass and abuse the consumer within the meaning of the FDCPA.  Considered

in light of its purpose—to prolong a wrongful garnishment to leverage an unwarranted settlement—it also amounted to unfair and unconscionable conduct against the consumer. In short, Dinkin's baseless affidavit is exactly the kind of communication the FDCPA was enacted and amended to prevent.

The District Court relied on a District of Connecticut opinion for the proposition that the FDCPA's protections are not needed if a consumer is represented by an attorney at the time a challenged communication is made. [D.E. 34, p. 10]. That district court case relied on the Second Circuit's opinion in *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010). In *Simmons*, the court held that "filing a proof of claim in bankruptcy court (even one that is somehow invalid) ... cannot serve as the basis for an FDCPA action." *Simmons*, 622 F.3d at 95. The court further held that consumers in a bankruptcy proceeding do not need the FDCPA's protections because the bankruptcy claims process is "highly regulated and court controlled." *Id*. at 96.

The Eleventh Circuit expressly disagreed with *Simmons* by recently holding that filing a time-barred proof of claim in a bankruptcy proceeding can be the basis of an FDCPA claim. *Crawford*, 758 F.3d 1254 (11th Cir. 2014) (Sections 1692e and 1692f applied to filing time-barred proof of claim). Notwithstanding the complete lack of any textual exemption for sworn statements made to the court during a judicial proceeding, bankruptcy or otherwise, the District Court's ruling on

29

the applicability of the FDCPA to a consumer represented by counsel in a judicial proceeding should be rejected on the basis of its direct conflict with the Eleventh Circuit's rejection of the Second Circuit's reasoning in *Simmons*.

Here, the concept of a protective court system conflicts with what actually transpired.  Dinkin was able to file a false, deceptive, and misleading sworn affidavit with the state court.  [D.E. 1, Ex. A].  Appellant was unable to obtain a hearing on the matter for several weeks.  [*Id*. at ¶ 27].  During this time, Appellant's wages continued to be improperly garnished, harming his family's pecuniary, emotional, and reputational interests, among others, and Appellees used that continued garnishment in an effort to extract funds from Appellant that were legally exempt.  [*Id*. at ¶ 29-30].  In short, the state court proceeding provided this consumer with no protection.  Only through zealous advocacy in the scheduling of a deposition, where Dinkin would be forced to admit that there was no factual basis for the affidavit, wasthe garnishment ultimately released and the continuing harms to Appellant finally arrested.  [*Id*. at ¶¶ 31-32].

The order under review creates a gaping, judicially-crafted exemption to the substantive protections of the FDCPA that only Congress can enact, and that Congress has, in fact, specifically repealed from the statute.  *See supra* at 25.  Accepting the District Court's ruling would allow – and even encourage – harassing, abusive, false, deceptive, misleading, unfair, and unconscionable

litigation conduct by creditors' attorneys with impunity, so long as the consumer was represented, and would thereby undermine the important protections that Congress enacted for consumers.

Congress specifically amended the FDCPA in 1986 to repeal an exception for attorneys and, thus, allow for claims based on litigation conduct, except where such claims relate to the required disclosure under Section 1692e(10), a provision not at issue in this case. Understanding that Congress knows how to create exemptions, the majority of courts addressing the applicability of the FDCPA to conduct in the litigation process, including the Supreme Court in *Heintz*, have permitted FDCPA claims based on such conduct, specifically including court filings. The Supreme Court's clear ruling in *Heintz* recognizing Congress as the proper body to make changes to the FDCPA, and rejecting any judicially crafted exemption to the statute, must therefore be followed and the FDCPA must apply to Appellees' litigation conduct.

**II.    The District Court erred in holding that a sworn affidavit filed with the court cannot be "conduct the natural consequence of which is to harass, oppress, or abuse" a consumer under Section 1692d of the FDCPA where the consumer is represented by an attorney.**

The District Court, assuming *arguendo* that the FDCPA applied to Appellants' conduct, went on to issue three erroneous rulings that Appellant's Complaint failed to state claims under three separate sections of the FDCPA. The

first addressed Section 1692d.  Appellant addresses the Section 1692d ruling in this section, and the other two rulings in the next two sections of this Brief.

Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Section 1692d also provides a non-exhaustive list of actions that constitute violations.  15 U.S.C. §§ 1692d(1) – (6).  While the statute does provide a list of examples, this Court has recognized that the list is non-exhaustive.  *Meadows v. Franklin Collection Service, Inc.*, 414 Fed. App'x. 230, 232 (11th Cir. 2011).  Specifically, "§ 1692d is explicitly not limited to the conduct proscribed by subsections (1)-(6).  This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."  *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168, 1178 (11th Cir. 1985) (internal citations omitted).

The District Court ruled that "filing a sworn reply in opposition to a claim of exemption with information that the garnished funds may be exempt does not qualify 'as conduct with the natural consequence of which is to harass, oppress, or abuse.'"  [D.E. 34, p. 15].  The District Court arrived at this conclusion by taking an exceptionally broad reading of one portion of the Southern District of Florida's recent decision in *Chalik*.  *Id*.

*Chalik* also involved a debt collector's affidavit filed in opposition to a claim of exemption based on Florida's "Head of Family" exemption. In *Chalik*, however, the collection attorney did not have any specific knowledge of the garnishee's exempt status at the time the sworn affidavit was filed. *Chalik*, 677 F. Supp. 2d at 1330. The *Chalik* court accordingly ruled that "[Garnishor's] filing of a sworn statement denying [Garnishee's] claim of exemption, *without any specific knowledge regarding the exemption*, in a garnishment proceeding is not the kind of conduct that was intended to be covered by § 1692d." *Id*. (emphasis added). In contrast, in this case, Appellant has alleged that Dinkin *had* specific knowledge of Miljkovic's exempt status at the time when he filed his affidavit, [D.E. 1, ¶ 36], and has supported that allegation with other factual allegations illustrating Dinkin's knowledge. [D.E. 1, ¶¶ 17-34]. Specifically, Dinkin had a sworn affidavit from Appellant providing facts and details that his wages were used to support his disabled wife. [D.E. 1, Ex. A].

Despite this express difference, the lower court extended *Chalik* to cover a situation not at issue in that case, and in fact diametrically distinct from it. Specifically, in declining to distinguish the case and recognize that a Section 1692d claim will lie where an affidavit is filed with specific, contemporaneous knowledge that it is false, the District Court stated that it was "not willing to make an assumption that is not supported by the text of *Chalik*." [D.E. 34, pp. 14-15]. But a

distinction between conduct engaged in without knowledge of its truth or falsity, and conduct engaged in with actual knowledge of its falsity, does not require any assumption.

A close reading of *Chalik* confirms this point. In rejecting the Section 1692d claims, the *Chalik* court stated, "Defendants' filing of a sworn statement denying Plaintiff's claim of exemption, *without any specific knowledge regarding the exemption*, in a garnishment proceeding is not the kind of conduct that was intended to be covered by § 1692d." *Chalik*, 677 F. Supp. 2d at 1330 (emphasis added).

Rather than an assumption, the logical implication of this statement, read in light of the facts of *Chalik*, is that the *Chalik* court *would* find that filing a sworn statement *with* specific knowledge that the exemption is valid *is* the type of conduct proscribed by Section 1692d.

Unlike the facts in *Chalik*, the statement of a debt collector made contrary to knowledge the consumer knows the debt collector possesses has the tendency to harass, annoy, and abuse the consumer, in that it shows the consumer that the debt collector will use any means—even misleading representations to the courtwithout any factual foundation and in conflict with the affiant's actual knowledge—to collect the debt. Unlike merely negligent conduct, this conduct would put the average consumer in a state of fear and anxiety, and it is therefore exactly the sort

of conduct that Congress intended to prevent through the provisions of Section 1692d.  At best, *Chalik* is inapposite as to the Section 1692d claim here, because this case involves a knowing misstatement, but even viewed as apposite, the conclusion to be drawn from *Chalik* is the opposite of the District Court's conclusion.

Both *Chalik* and a common sense review of the wording and purpose of Section 1692d support finding that Appellees' actions violate the statute.  The Complaint alleges that Appellees filed a false, misleading and deceptive affidavit for the purposes of (i) continuing an improper garnishment and (ii) leveraging the continued garnishment to coerce Appellant into agreeing to an improper settlement.  [D.E. 1, ¶¶ 9-14].  That is harassing, oppressive, and abusive conduct under any definition of those terms.

At a minimum, whether conduct is harassing, oppressive, or abusive is normally a question left to the providence of the jury.  *See Meadows*, 414 Fed. App'x. at 233 (district court erred in granting summary judgment on 1692d claim by finding as a matter of law that defendant's conduct was not intended to annoy, abuse, or harass).  The District Court, however, found the circumstances of this case so clear based on the pleadings alone that it ruled, as a matter of law, that no reasonable jury could find that Appellees' conduct tended to harass, oppress, and/or abuse Appellant.  [D.E. 34, pp. 16-17].  At the pleading stage, the allegations and

reasonable assumptions must all be viewed in the light most favorable to Appellant.  The District Court, however, found that the improper affidavit was merely a "formulaic" request for a hearing and ignored Appellees' improper motive and intent in making the affidavit.  [*See* D.E. 34, p. 11].

Eliding the important allegations regarding the circumstances of the affidavit, including its purpose, its timing, the timing of its withdrawal, and the actual knowledge of the affiant to the contrary of its declarations [D.E. 1, ¶¶ 17-34], and focusing instead on the mere existence of the affidavit as a general litigation device, improperly viewed the allegations of the Complaint in the light *least* favorable to the Appellant.  Accordingly, the dismissal of Appellant's Section 1692d claim should be reversed.

**III.   The District Court erred in holding that the filing of a sworn statement to the court without a factual basis, and in fact with actual knowledge to the contrary, could not be a "false or misleading" statement under the meaning of Section 1692e of the FDCPA.**

Appellant asserted claims against Dinkin pursuant to Sections 1692e and 1692e(10).  Similar to Section 1692d, Section 1692e contains a general prohibition followed by a non-exhaustive list of violations.  At issue in this case is 15 U.S.C. § 1692e and 1692e(10), which respectively state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

The basis of Appellant's claims under 1692e and 1692e(10) is simple: the affidavit contained false, misleading, and deceptive representations to collect a debt. [D.E. 1, ¶ 36(b)]. In addition to the plain language of 1692e, another court within the Eleventh Circuit has explicitly approved a claim in virtually identical circumstances.

In *Chalik*, the consumer alleged claims that the debt collection attorney:

> "filed a sworn statement denying Plaintiff's entitlement to an exemption from garnishment. Plaintiff alleges the sworn statement was filed in bad faith because Defendants had no specific knowledge regarding the exemption and merely sought to delay resolution of the post-judgment proceedings in an effort to collect the debt from Plaintiff."

*Chalik*, 677 F.Supp. 2d at 1325.

The court denied the debt collection attorney's Motion to Dismiss and held:

> A jury could find Defendants' sworn statement denying Plaintiff's claim of exemption, if untrue, to be a false representation. Thus the filing of an untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by § 1692e(10) or more generally, § 1692e.

*Chalik*, 677 F.Supp. 2d at 1330.

In this case, the District Court acknowledged this language from *Chalik*. [D.E. 34, p. 18]. The Order also noted *Hogue*, another case relied upon by Appellant, wherein the court denied a motion to dismiss a Section 1692f claim where "the collector behaved unconscionably when it initiated a garnishment proceeding after the debtor's attorney submitted the debtor's affidavit, asserting she was exempt." [*Id*. (citing *Hogue*, 494 F. Supp. 2d at 1045-46)].

Despite these clear, analogous rulings, the District Court undertook great efforts to distinguish *Chalik* while not even discussing *Hogue*. The District Court distinguished *Chalik* because the consumer in that case was "pro se and thus lacked an attorney to protect him from the creditor's conduct." [D.E. 34, p 18]. The Court reasoned that Miljkovic could not have been misled by the sworn statement because it was directed to the state court and his attorney. [*Id*. at p. 19]. The Court also held that any misrepresentation was immaterial and there were no allegations that Appellant was misled. [*Id*. at p. 20].

The District Court declined to employ the "least sophisticated consumer" standard in analyzing Dinkin's actions. [D.E. 34, p. 19]. In abandoning this well-established standard, the District Court relied on dicta from an unpublished Middle District of Florida opinion. [D.E. 34, pp. 19-20]. The District Court's ruling contradicts long-settled precedent in this Circuit and should be reversed.

The Eleventh Circuit employs the "least sophisticated consumer" standard to determine whether a debt collector's conduct is deceptive, misleading, unconscionable or unfair.  *Crawford v. LVNV Funding, LLC*, 758 F. 3d 1254, 1258 (11th Cir. 2014).  As stated in *Crawford*:

> The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct.  The least sophisticated consumer standard takes into account that consumer protection laws are not made for the protection of experts, but for the public - the vast multitude which includes the ignorant, the unthinking and the credulous.

*Crawford*, 758 F. 3d at 1258-59 (internal citations and quotations omitted).

Neither Congress nor the Eleventh Circuit has ever enumerated an exemption from the "least sophisticated consumer" standard for consumers represented by attorneys.  This standard is designed to protect consumers regardless of their sophistication or expertise, or that of their representatives.  As this Court has explained:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law.

*LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1196 (11th Cir. 2010) (quoting *Clomon v. Jackson*, 988 F. 2d 1314, 1318-21 (2d Cir. 1993)); *Jeter v. Credit*

*Bureau, Inc.*, 760 F. 2d 1168, 1172-73 (11th Cir. 1985); *see also Lox v. CDA, Ltd.*, 689 F. 3d 818, 825-26 (7th Cir. 2012) (applying the least sophisticated consumer standard despite defendant's argument that the consumer's attorney explained the falsity of the statement in a letter).

The District Court's approach undermines both the text and the purposes of the FDCPA, and judicially crafts a gaping exception to the statute's broad protections. Like many other federal consumer rights statutes, the FDCPA explicitly encourages those protected by its provisions to seek counsel to represent them by making non-prevailing defendants liable for "the costs of the action, together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). Given this strong encouragement for consumer's to seek the protection of counsel in FDCPA cases, it would be incongruous to simultaneously read the same statute to discourage consumers from obtaining counsel in underlying debt collection actions under state law, for fear that, in doing so, they will lose the FDCPA's important protections against the deceptiveand misleading conduct of debt collectors in state-law actions.

Any such rule would not only subvert the purposes of the FDCPA, but would also confound the important public policy favoring attorney representation embodied in our adversarial system of justice. A consumer should not have to choose between obtaining counsel in a state court proceeding and preserving his

statutory rights under the FDCPA.  There is no indication anywhere in the text, structure or history of the FDCPA that Congress intended to present consumers with such a choice, and the District Court's adoption of a rule requiring it should be rejected.

Because the least sophisticated consumer standard must apply here, as it does in allSections 1692e and 1692e(10) cases, this Court's next task is to determine whether Dinkin's Affidavit contained material statements that would mislead – not specifically Appellant here – but the objective least sophisticated consumer.

Dinkin's Affidavit explicitly stated there was a dispute whether Appellant's wages were exempt from garnishment when, in fact, no dispute existed.  Nothing can be more material to collecting a debt through a wage garnishment than filing a sworn statement disputing an exemption (without any factual basis) in order to continue the wage garnishment.  The District Court claimed that the Affidavit was not material because there were no allegations that the "sworn reply caused him any confusion about the validity or amount of the debt *or otherwise impeded his ability to pay or challenge it.*"  [D.E. 34, p. 20 (emphasis added)].  This conclusion simply ignores the well-pleaded allegations of the Complaint.  Indeed, the Affidavit completely halted any efforts to challenge the wage garnishment for the several weeks until a hearing was available.  [D.E. 1, ¶ 27].  The Affidavit entitled

Dinkin to continue the attempted collection – through wage garnishment – and to leverage the pressure created by that continued garnishment into coercing a settlement. [*Id*.].

It is easy to see how the Affidavit could confuse and mislead the least sophisticated consumer. Dinkin's Affidavit could easily lead a consumer to believe that there were actually facts out there that undermine his or her claim of exemption. The Affidavit could also lead a consumer to believe that he is not, in fact, entitled to an exemption from garnishment regardless of what his attorney might say to the contrary. As stated in *Lox*, *supra* at 40, it makes no difference that an attorney was there to explain that Dinkin's actions were improper – it is the improper Affidavit, by itself, that violates the FDCPA.

The District Court's Order creates a dichotomy that immunizes false and deceptive conduct that is at some point caught and limited, while potentially leaving the door open for liability only if the improper conduct fully succeeds in obtaining its ends.The FDCPA is not a "no-harm-no-foul" statute, and its provisions do not contain any individual reliance requirement. All that Section 1692e requires is that false, deceptive, or misleading means are used in an effort to collect a debt. Dinkin's conduct violated the FDCPA regardless of whether Appellant's counsel was, after several weeks of harm to Appellant's ability to

42

support his disabled wife, ultimately able to stop such conduct from further injuring Appellant.

**IV.   The District Court erred in holding that, to state a claim under the "catch-all" section of the FDCPA, Section 1692f, a party must have a viable claim under one of the more specific subsections of the FDCPA, or must state facts independent of the facts grounding any non-viable claims under such more specific subsections.**

In dismissing Appellant's claim under Section 1692f of the FDCPA, the District Court erroneously read into the statute a kind of "election of remedies" limitation.  The court quoted a decision from another district court within this circuit, which itself had misread and quoted out of context a decision from another district court located within the Second Circuit, while ignoring several cases that have recognized Section 1692f claims in circumstances similar to those presented here.  Tracing this line of cases resulting in the District Court's quote back to their source reveals that the later cases, including the District Court's erroneous decision below in this case, quoted the initial case without regard for the facts of that case and the other rulings that court issued, resulting in the imposition in this case of a regrettable Catch-22 on FDCPA plaintiffs seeking to plead two or more claims in the alternative.

**A.   The Court erred in failing to apply, or even discuss, several federal cases which have found claims under Section 1692f viable under circumstances similar to those present in this case.**

In *Hogue v. Palisades Collection, LLC*, the consumer was represented by an attorney in a debt collection proceeding.  *Hogue*, 494 F.Supp. 2d 1043 (S.D. Iowa 2007).   Pre-judgment, Hogue's attorney sent the creditor's attorney a letter accompanied by the consumer's affidavit establishing that her wages were exempt from garnishment.  *Id.* at 1045-46.

Post-judgment, the creditor initiated garnishment proceedings.  *Hogue*, 494 F.Supp. 2d at 1046.  The consumer's attorney again contacted opposing counsel and, this time, provided bank statements in support.  *Id.*  The next business day, the garnishment was released.  *Id.*

Hogue then filed a claim under the FDCPA, specifically 15 U.S.C. § 1692f, for the improper garnishment.  Defendants moved to dismiss arguing that they followed the state's garnishment laws and had "no independent verification" of consumer's affidavit.  *Hogue*, 494 F.Supp. 2d at 1047-48.

In denying defendants' Rule 12(b)(6) motion to dismiss, the court placed great weight on the affidavit and communications from the consumer's counsel. The court stated that the consumer's attorney:

> "as a source of information was just as effective, if not more so, than any information the bank may have provided.   Thus, Defendants' argument that the garnishment proceeding was the *only* method to ascertain Hogue's assets seems disingenuous at best, given that Defendants obtained the necessary verification from [debtor's attorney]." *Hogue*, 494 F.Supp. 2d at 1048.

44

As the court stated, given the plaintiff's attorney's representation and affidavit, "any judgment creditor would almost be certain that the bank account only contained exempt ... funds.  At a minimum, Defendants were put on notice of the likelihood and should have undertaken further verification with [the attorney]." *Hogue*, 494 F.Supp. 2d at 1050.  Although the United States system of justice is an adversarial system, and debt collector attorneys such as Defendants "must engage in due diligence, however, they must also take time to stop and think."*Id*. at 1051.

Following *Hogue*, the court in *Bray v. Cadle Company* denied a motion to dismiss plaintiff's Section 1692f claim where the plaintiff provided a letter and, later, an affidavit that his bank account contained non-garnishable funds.  *Bray*, 4:09-cv-663, 2010 WL 4053794, *15 (S.D. Tex. Oct. 14, 2010).  Further, in *Todd v. Weltman, Weinberg & Reis, Co., LPA*, 348 F. Supp. 2d 903 (S.D. Ohio 2004), the court denied a motion for judgment on the pleadings for a claim based on Section 1692f where the defendant had filed a false affidavit to initiate the garnishment of exempt funds, based on defendant's lack of "any basis" for swearing to the affidavit.  *Id.* at 915.

Each of these cases shows that the precise conduct alleged as the foundation of ¶ 36(c) of Appellant's Complaint [D.E. 1, at ¶ 36]—improperly prolonging a wrongful garnishment through sworn representations with no factual foundation— is the kind of "unfair" or "unconscionable" behavior that Congress sought to

proscribe through Section 1692f.  The District Court should have followed them and allowed Appellant's Section 1692f claim to go forward, but the court declined even to discuss them in the section of its Order addressing the Section 1692f claim. Accordingly, the District Court's ruling was erroneous and should be reversed.

**B.    The Court erred in holding that a count in a complaint stating a claim under Section 1692f must be grounded on facts distinct from the facts grounding claims in other counts of the same complaint.**

The District Court, rather than relying on—or even discussing—the cases outlined above, imposed a judicially crafted rule of forfeiture on plaintiffs seeking to assert Section 1692f claims in the alternative, along with other claims under the FDCPA.

As several courts have recognized, and as is evident from the structure of the FDCPA, Section 1692f was enacted as a catch-all provision.  *Johnson v. BAC Home Loans Servicing, LP*, 867 F.Supp.2d 766, 781–82 (E.D.N.C.2011) (citing S.Rep. No. 95–382, at 4 (Aug. 2, 1977), 1977 U.S.C.C.A.N. 1695, 1698), *reconsideration denied*, 2012 WL 148688 (E.D.N.C. Jan. 18, 2012).  As the Eastern District of North Carolina explained, "Cognizant that it could not anticipate every improper practice used by debt collectors, Congress enacted section 1692f to catch conduct not otherwise covered by the FDCPA."  *Id.*; *see also Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F.Supp.2d 589, 601 (E.D.Pa.2012) ("§ 1692f operates as a catch-all for conduct that is recognizably

unfair, but not explicitly enumerated in other sections of the FDCPA.") (internal citations omitted); *Osborn v. Ekpsz*, LLC, 821 F.Supp.2d 859, 878 (S.D. Tex. 2011) ("Section 1692f 'serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e.'") (quoting *Edwards v. McCormick*, 136 F.Supp.2d 795, 806 (S.D. Ohio 2001)).

Because it operates as a catch-all, Section 1692f provides remedies for, *inter alia*, conduct that does not violate othersubsections of the FDCPA.  However, this does not mean that, where the same conduct is alleged in the alternative to be a violation of Sections 1692d, 1692e, and 1692f, the 1692f claim inherently cannot stand.  Any such rule would completely undermine the very idea of a catch-all provision, as well as the very clear authorization in the Federal Rules for pleading in the alternative, even where such pleading states inconsistent theories of relief.*See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Nevertheless, this is exactly the rule the District Court adopted.

In state law, and in some cases in federal law, "election of remedies" provisions do exist.  *See e.g.* 17 U.S.C. § 504(c) (providing for election of

remedies between actual damages and profits or statutory damages for copyright infringement).  Under such provisions, within the text of the statute that provides the claim, an aggrieved party is directed to choose between alternatives for redress. Nothing prevents a legislature either at the state or national level from requiring a party to elect between available remedies for a wrong, and then to take the risk of regretting a wrong election.

But Congress did not establish such a requirement in the FDCPA.  No sign of an election of remedies provision exists anywhere in the statute, so a party may pursue any or all of the FDCPA's available avenues for redress simultaneously, providing that the facts allow it, limited only by the general common-sense rule that one may ultimately recover only once for the same harm.

Only by improperly carving up and atomizing Appellant's allegations and allowing allegations for one claim—even those incorporated into the Section 1692f claim—to serve *only* as support for that one claim, was the District Court able to conclude that there was a lack of sufficient allegations to support the Section 1692f claim.

In response to Appellees' Motion, Appellant cited paragraphs of the Complaint referring to emails between counsel showing the unfairness and unconscionability of Appellees' actions in prolonging what they knew was a

wrongful garnishment solely to leverage a favorable settlement.  [D.E. 18, at ¶¶ 10-12 (citing D.E. 1, at ¶¶ 24-30)].

As outlined above, this sort of economic duress is exactly the kind of unfair and unconscionable behavior that Congress sought to proscribe.  *See Bray*, 4:09-cv-663, 2010 WL 4053794, at *15; *Hogue*, 494 F.Supp. 2d at 1050.   And the factual allegations relating to Appellees' improper motives, including the emails between counsel, the extensive discovery requests from Appellees (many unrelated to any dispute over an exemption) and Appellant's extensive responses all showing the entitlement to the exemption, as well as the timing of the garnishment's release, all serve the dictates of the Supreme Court's decisions in *Twombly* and *Iqbal* to support legal conclusions with factual allegations that together make out a "plausible claim for relief."   *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); [D.E. 1, ¶¶ 17-34].

The District Court, even while conceding this conclusion (as the Appellees did, as well), [D.E. 34, at 21-22], nevertheless ruled the Section 1692f count insufficient by improperly compartmentalizing each factual allegation under only one claim in the Complaint:

> But the Court agrees with Defendants that Defendants' hope that the garnishment would lead to a settlement would not constitute unconscionable or unfair conduct unless Defendants also filedthe sworn reply falsely. Thus, despite the email evidence, Miljkovic's § 1692f claim still depends on the misconduct charged under §§ 1692e

> and 1692e(10) and is therefore insufficient to state a
> separate claim.  [D.E. 34, at 21-22].

This statement reveals the District Court's incorrect reading of both Federal Rule

of Civil Procedure 8 and the important recent precedents interpreting it.  Nowhere

in the Rule, or in *Twombly* or *Iqbal*, is there any indication that plaintiffs are no

longer permitted to incorporate allegations in all of their claims in a well-pleaded

complaint.  But, as the quote above illustrates, this is exactly the rule which

Appellees urged on the District Court, and which the court accepted.

Considering that the Federal Rules of Civil Procedure specifically authorize

pleading in the alternative—even inconsistently—and considering the lack of any

election of remedies provision in the FDCPA, the District Court's imposition of a

rule of forfeiture of one's Section 1692f claim upon the assertion of claims under

Sections 1692d and 1692e on the same facts constituted reversible error.

**C.    The Court erred in holding that, where factual allegations are incorporated by reference into a count alleging a claim under Section1692f from one or more counts in the same complaint alleging violations of Sections 1692d or e, the Section 1692f claim must be dismissed unless one of the other subsections is satisfied.**

The District Court based its judicially crafted rule of forfeiture not on the

statutory text or any legislative history of the FDCPA—both of these sources

would have contradicted such a rule—but instead on a line of cases emerging

initially from the Eastern District of New York, but quickly misread and misquoted

in other courts.

In adopting its rule, the District Court cited and quoted *Taylor v. Heath W. Williams*, *LLC*, 510 F. Supp. 2d1206, 1217 (N.D. Ga. 2007), which itself quoted *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006), for the proposition that "A complaint will be deemed deficient under [§ 1692f], however, if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'" [D.E. 34, at 21] (alteration in original).The Southern District of Florida in *Chalik* quoted the same language from *Foti*, *see Chalik*, 677 F. Supp. 2d at 1330, and the District Court below cited *Chalik* for the proposition, as well. [D.E. 34, at 21.]

The line of cases including this *Foti* quote illustrates the danger of paying more attention to a prior court's *words* than to its *rulings*. The Southern District of New York in *Foti* did not craft the rule for which it is sometimes mis-cited. That rule came out of a case from the Eastern District of New York, *Tsenes v. Trans-Cont. Cred.& Coll. Corp.*, 892 F. Supp. 461 (E.D.N.Y. 1995). In *Tsenes*, similar to this case, the plaintiff stated claims under other sections of the FDCPA, as well as under Section 1692f. However, unlike in this case, in *Tsenes*, the District Court *denied* the defendant's motion to dismiss claims under Sections 1692e and 1692g, ruling claims under those to two sections *viable*. Following those denials, the District Court in *Tsenes* granted the defendant's motion to dismiss as to the Section 1692f claim, stating as part of its justification, "[T]he Complaint is devoid of

support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section; all the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e," the claims the court had *already ruled were viabl*e. *See id.* at 466 (alteration supplied). Obviously, then, the *Tsenes* court denied the plaintiff's Section1692f claim because all of the facts used to support it were already the basis of one of two other *valid* claims that could provide relief under more specific sections of the statute. Resort to the catch-all under Section 1692f was therefore unnecessary for the plaintiff in *Tsenes*.

The *Foti* court's ruling was similar—conduct for which it had denied a motion to dismiss in part on other sections of the FDCPA formed the basis of the plaintiff's Section 1692f claim, so the court dismissed the Section 1692f claim, quoting the relevant section of the *Tsenes* decision, but additionally stating, "Plaintiffs' Complaint is deficient in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Foti*, 424 F. Supp. 2d at 677; *see also id.*at 666 (denying the defendant's motion to dismiss as to one Section 1692g claim among two); *id.*at 669 (denying the defendant's motion to dismiss as to one Section 1692e claim among two). It is this latter language, read out of context, that has shown up in some district court decisions, including the case below, as a general rule of forfeiture of any Section

1692f claim where other FDCPA claims are asserted and found not to be viable on the same facts. [*See* D.E. 34, at 21 (quoting this language in issuing such a ruling)].[4]

A court sitting in the same federal district as the *Foti* court has recently considered and forcefully rejected this misreading of *Foti* and *Tsenes*, urged by the defendants in that court. *See Okyere v. Palisades Collection*, *LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) ("In [*Foti*] and [*Tsenes*], it appears that the claims the plaintiffs sought to bring under section 1692f had been found by the court to be *viable* under other sections. Thus, it was unnecessary for the plaintiff in those cases to attempt to use the catchall provision of 1692f.") (alteration and emphasis supplied) (citations omitted). As that court correctly stated, "The cases cannot be read to mean—as defendants would have it—that where conduct fits within *no* other provision of the FDCPA, it cannot be actionable under the catch-all provision of section 1692f." *Id.* (emphasis in original). The danger that the *Okyere* court correctly observed exists here: "Defendants' reading of section 1692f would render the catchall portion of section 1692f inoperative surplusage." *Id.*

---

[4] The District Court below also cited *Chalik* for this proposition, but in *Chalik*, as in *Foti* and *Tsenes*, the Section 1692f claim was dismissed only after the court ruled that another claim under Section 1692e on the same facts could proceed. *See Chalik*, 677 F. Supp. 2d at 1330 (dismissing a Section 1692f claim after allowing a Section 1692e claim to proceed on the same facts).

Indeed, worse than surplusage, the reading favored by Appellees would set up an impossible Catch-22 for plaintiffs seeking to assert claims under Section 1692f in the alternative with other FDCPA claims.  Where such claims under the other, more specific sections of the FDCPA were *viable*, such plaintiffs would lose their Section 1692f claims on the basis that the catch-all is not needed, a result not mandated by the FDCPA, but at least consistent with the idea of a catch-all provision.[5]  But where the claims based on more specific sections of the FDCPA were ruled *non-viable*, plaintiffs would *also* lose their Section 1692f claims on *that* basis, a result that could not be more at odds with both the intent of the FDCPA and the basic idea of a catch-all provision.  In enacting the FDCPA and its catch-all

---

[5] Appellant does not concede the correctness of *Tsenes* or *Foti* on the questions presented there.  Indeed, other precedents show that even *Tsenes* went too far in requiring the plaintiff, at the pleading stage, to proceed under either the Section 1692f or one or more of the specific subsections, where the plaintiff's claims under those other sections are valid.  The Sixth Circuit has adopted the better approach, in light of Congress's intent.  In *Todd v. Weltman, Weinberg & Reis Co, L.P.A.*, 348 F. Supp. 2d 903, 914-15 (S.D. Ohio 2004), *affirmed*, 434 F. 3d 432 (6th Cir. 2006) the Northern District of Ohio held that making a false affidavit to initiate a garnishment could be both "false or misleading" under Section 1692e and "unfair or unconscionable" under Section 1692f.  Although the District Court below did not have the occasion to pass on the precise question presented in *Tsenes* or *Foti*, merely reversing its ruling would present the danger of a ruling on remand that would uphold the Section 1692d and/or Section 1692e claims, and dismiss the Section 1692f claim on that basis.  Appellant submits that so limiting a plaintiff's choice of which theory to pursue at trial solely based on the pleadings would be an improper use of the motion under Federal Rule of Civil Procedure 12(b)(6), and by extension the motion under Federal Rule of Civil Procedure 56, as long as it is plausible that a reasonable jury could find the defendant liable under any of the theories presented.

provision in Section 1692f, Congress did nothing to establish any sort of compulsory election of remedies provision, nor did it purport to supersede the provisions of Federal Rule of Civil Procedure 8(d) allowing for pleading in the alternative, even where such pleading sets up inconsistent theories of relief.

And yet, if the District Court's rule is affirmed, then it will not be possible for an FDCPA plaintiff to follow the clear dictates of Federal Rule of Civil Procedure 8(d) and plead two or more theories of relief under the FDCPA as alternatives, where one of those theories falls under Section 1692f, because *either* the viability *or* non-viability of the other claims will, as a matter of law, doom the Section 1692f claim.  The District Court's adoption of such a judicially crafted Catch-22 in place of the catch-all that Congress enacted was erroneous and should be reversed.

## **<u>CONCLUSION</u>**

The District Court's Order not only conflicts with the explicit text and spirit of the FDCPA, but it also conflicts with numerous cases interpreting the FDCPA - including cases finding viable FDCPA claims in similar factual scenarios.  To preserve and reinforce the protections guaranteed by Congress through the FDCPA, the District Court's Order must be reversed.

Respectfully submitted,

/s/ Eric C. Roberson_____
Eric C. Roberson
Florida Bar. No. 14649
Eric C. Roberson P.A.
2064 Park Street
Jacksonville, FL 32204
(904) 404-8800
(904) 517-8387 (facsimile)
eric@robersonlawjax.com

and

Scott R. Bauries
Florida Bar No. 14968
7207 Vaughn Road
Canton, GA 30115
(904) 200-1352
(904) 517-8387 (facsimile)
scott.bauries@uky.edu

Attorneys for Appellant Nedzad Miljkovic

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 10,340 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared using Microsoft Office in 14-point font, and the type is plain, Times New Roman style.

*s/ Eric C. Roberson*
Attorney for Appellant
Dated:  September 29, 2014

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 25(d), Federal Rules of Appellate Procedure, this is to certify that on September 29, 2014, a copy of Appellant's Initial Brief was served on the following as indicated below:

Steven R. Braten, Esq.
Steven R. Braten, P.A.
500 Gulfstream Blvd., Ste. 104
Delray Beach, Florida 33483
Email: srblaw2012@gmail.com
(by email per written consent)

/s/ Eric C. Roberson
Eric C. Roberson