**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**No.: 14-13715-E**

---

**NEDZAD MILJKOVIC**

Plaintiff/Appellant

v.

**SHAFRITZ AND DINKIN, P.A. and MITCHELL A. DINKIN,**

Defendants/Appellees.

---

**ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION
Lower Court Case No.:  8:14-CV-00635**

---

**APPELLEE'S ANSWER BRIEF**

---

**STEVEN R. BRATEN, P.A
Steven R. Braten, Esquire
Florida Bar No.: 018074
500 Gulfstream Boulevard, Suite 104
Delray Beach, FL 33483
T. 561/270-3291
F. 888-202-1679
Email: srblaw2012@gmail.com
Counsel for Appellees**

## APPELLEES' NOTICE APPELLANT'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT IS COMPLETE

Appellees, Shafritz and Dinkin, P.A. (the "Law Firm"), and Mitchell A. Dinkin ("Dinkin"), certify that Appellant's Certificate of Interested Persons and Corporate Disclosure Statement are accurate and complete.

## STATEMENT REGARDING ORAL ARGUMENT

The Law Firm and Dinkin request oral argument. While the Appellees disagree that the lower court's decision creates a conflict of law with the Southern District Court of Florida's decision in *Chalik*, some of the issues presented by this case are ones of first impression for this Court. Oral argument may assist the Court in reaching its decision.

# TABLE OF CONTENTS

APPELLEES' NOTICE THAT APPELLANT'S CERTIFICATE
OF INTERESTED PERSONS AND CORPORATE DISCLOSURE
STATEMENT IS COMPLETE ..................................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................................2

TABLE OF CITATIONS .........................................................................5

STATEMENT OF THE ISSUES PRESENTED ON APPEAL.............................11

STATEMENT OF THE CASE...................................................................11

STATEMENT OF THE FACTS ...............................................................14

STANDARD OF REVIEW ......................................................................17

SUMMARY OF THE ARGUMENT ..................................................................18

ARGUMENT AND CITATIONS OF AUTHORITY ...........................................25

   I.  The District Court correctly held that the FDCPA does not apply to
      Dinkin's alleged conduct during a post-judgment Florida garnishment
      proceeding...................................................................................25
      A.  Relevant Standards Under the FDCPA ..................................25
      B.  Dinkin's Sworn Statement is not an actionable "communication"
         under the FDCPA ....................................................................29
      C.  Communications directed to the state court or the
         consumer's attorney are not actionable under the FDCPA......................31
   II. The District Court correctly held that Appellees' procedural filing of a
      sworn statement to dispute Miljkovic's claim of exemption in a post-
      judgment wage garnishment to trigger an evidentiary hearing is not a
      violation of the "catchall" provision of §1692d of the FDCPA, as a
      matter of law ................................................................................36

III. The District Court correctly held that Appellees' filing of a Sworn Statement with the state court to "dispute" Miljkovic's claim of exemption to trigger an evidentiary hearing was not a materially false, deceptive, or misleading statement in violation of §1692e or §1692e(10), as a matter of law ......................................................................39

IV. The District Court correctly held that Appellees' emails to Miljkovic's counsel did not violate §1692f standing alone, as a matter of law, and Miljkovic's reliance on Dinkin's sworn statement to support his §1692f claim was likewise insufficient to state a claim. ...............................49

   A. The District Court considered and rejected the cases Miljkovic cited in support of his §1692f claim because they are distinguishable from the case at bar .........................................................51

   B. The District Court properly considered all of Miljkovic's allegations incorporated in Miljkovic's single-count Complaint and correctly concluded that Appellees did not engage in "unfair or unconscionable conduct" within the meaning of §1692f ........................53

   C. The District Court did not reject Miljkovic's §1692f claim simply because Miljkovic alleged the same conduct violated §1692d and 1692e, but rather held, as a matter of law, Appellees' filing of a sworn denial of a debtor's claim of exemption in a state court garnishment proceeding was not "unfair" or "unconscionable" simply because the Debtor's affidavit contained facts that, if proven, would establish the claimed exemption ......................................58

CONCLUSION ..........................................................................................62

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................................63

CERTIFICATE OF SERVICE ..................................................................63

4

## **TABLE OF CITATIONS**

<u>**Cases**</u>                                                                                          <u>**Page**</u>

Acosta v. Campbell,
309 Fed Appx. 315, (11th Cir. 2009).........................................................................17

Akanthos Capital Management, LLC v. CompuCredit Holdings Corp.,
677 F.3d 186 (11th Cir. 2012).....................................................................................29

Ashcroft v. Iqbal,
556 U.S. 662; 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).........................................17

Austin v. Frederick J. Hanna & Associates, P.C.,
2014 WL 4724885 (N.D. Ga (July 10, 2014) ...........................................................57

Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,
480 F.3d 470 (7th Cir. 2007)...............................................................................58, 59

Bray v. Cadle,
2010 WL 4053794 ..............................................................................................46, 52

Boca Burger v. Forum,
912 So. 2d 561(Fla. 2005).........................................................................................61

Brooks v. Foster,
889 So. 2d 902 (Fla. 4th DCA 2004) ...................................................................30, 41

Caceres v. McCalla Raymer, LLC,
755 F.3d 1299 (2014)..................................................................................................28

Cadle & Co. v. G &G Associates,
757 So. 2d 1278 (Fla. 4th DCA 2000) .......................................................................45

Caproc Third Ave., LLC v. Donisi Ins., Inc.
67 So. 2d 312 (Fla. 4th DCA 2011) ...........................................................................46

Chalik v. Westport Recovery Corp.,
677 F.Supp.2d. 1322 (S.D. Fla. 2009) ..............2, 20-22, 37-38, 42-44, 46-48, 52-53

Clomon v. Jackson,
988 F.2d 1314 (2nd Cir. 1993) ..............................................................................27, 28

Coleman v. Gordon,
2012 WL 2374822 (E.D. Wash. June 22, 2012)......................................................47

Cullen v. Marsh,
34 So. 3d 235 (Fla. 3d DCA 2010) ...................................................................50, 61

Davis v. Coca-Cola Bottling Co. Consol.,
516 F.3d 955(11th Cir. 2008).........................................................................55

Donohue v. Quick Collect, Inc.,
592 F.3d 1027 (9th Cir.2010) ...............................................................40

Ellis v. Solomon and Solomon, P.C.,
591 F.3d 130 .................................................................................34

Elmore v. Northeast Florida Credit Bureau, Inc.,
2011 WL 4480419 (M.D. Fla. Sept. 27, 2011).........................................36

Eslava v. Alliance One Receivables Management, Inc.,
2012 WL 4336012 (S.D. Ala. Sept. 20, 2012)....................................56, 57

Fayette County Hospital v. Reavis,
523 N.E.2d 693 (5th Dist 1998)................................................59

Fikes v. City of Daphine,
79 F.3d 1079 (11th Cir. 1996)..................................................55

Foti v. NCO Financial Systems, Inc.,
424 F. Supp. 2d 643 (S.D.N.Y 2013) ...............................................53, 54

Gabriele v. American Home Mortgage Serv., Inc.,
503 Fed. Appx. 89 (2nd Cir. 2012) ...........................................26, 35, 38

G.E.E.N. Corp. v. Southeast Toyota Distributors, Inc.,
1997 WL 561307 (M.D.Fla. 1997) .........................................48

Graziano v. Harrison,
763 F. Supp. 1269 (D.N.J. 1990), aff'd in part
and rev'd in part on other grounds 950 F.2d 107 (3rd Cir. 1991) ..........................28

Great American Ins. Co. v. General Contractors & Construction Mgt., Inc.,
2008 WL 5056526 (S.D. Fla. Nov. 21, 2008) .......................................45

Guerrero v. RJM Acquisitions, LLC,
499 F.3d 926 (9th Cir. 2007).....................................................................33

Hahn v. Triumph P'ships LLC,
557 F.3d 755 (7th Cir.2009) ......................................................................40

Heintz v. Jenkins,
514 U.S. 291 (1995)...................................................................................20

Hogue v. Palisades Collection, LLC,
494 F. Supp. 2d. 1043 (S.D. Iowa 2007) ..............................................47, 52

Holliston v. Fla. Default Law Grp., P.L.,
2008 WL 8946060 (M.D. Fla. Mar. 13, 2008) ..........................................23

In re Lamb,
409 B.R. 534, 540 (N.D. Fla. 2009)...........................................................41

In re Parker,
147 B.R. 810 (Bankr. M.D. Fla. 1992) .....................................................45

Jackson. v. Bellsouth Telecom.,
372 F.3d 1250, 1262-63 (11th Cir. 2004) .................................................42

Jelencovich v. Dodge Enterprises, Inc.,
20089 U.S. Dist. Lexis 116309 (S.D. Fla. 2009).......................................45

Jeter v. Credit Bureau, Inc.,
760 F.2d 1168 (11th Cir. 1985) ................................. 23, 26, 27, 36, 38, 60

Johnson v. Capital Mgm't Servs.,
2011 WL 6012509 (W.D.N.Y. Dec. 1, 2011)............................................36

Jordan v. Thomas & Thomas,
C-1-04-296, 2007 WL 2838474 (S.D. Ohio Sept. 26, 2007)...........20, 23, 44, 47, 48

Kropelniki v. Siegel,
290 F.3d 118 (2d Cir. 2002).................................................................22, 33

Lane v. Fein, Such and Crane, LLP,
767 F. Supp.2d 382 (E.D.N.Y 2011) ...................................................37, 40

LeBlanc v. Unifund CCR Partners,
601 F.3d 1185 (11th Cir. 2010)..................................................................26, 27, 58, 60

Miami Herald Publishing Co. v. Payne,
358 So. 2d 541 (Fla. 1978)...........................................................................46

Miller v. Javitch, Block & Rathbone,
561 F.3d 588 (6th Cir.2009) .........................................................................40

Osborn v. Ekpz, LLC,
821 F.Supp.2d 859(S.D. Tex 2011) ...............................................................55

Pipiles v. Credit Bureau of Lockport, Inc.,
886 F.2d 22 (2d Cir. 1989)............................................................................26

Pleasant Valley Farms & Morey Condensery Co. v. Carl,
106 So. 427 (Fla. 1925)................................................................................45

Richmond v. Higgins,
435 F.3d 825 (8th Cir. 2006).......................................................................34

Romea v. Heiberger & Assoc.,
163 F.3d 111 (2d Cir. 1998)..........................................................................28

Roundtree v. Countrywide Home Loans, Inc.,
2009 WL 5215334 (M.D. Fla. Dec. 29, 2014).................................................55

Schaffhauser v. Citibank (S.D.) N.A.,
340 F. App'x 128 (3d Cir. 2009) ...................................................................33

Sierra v. Rubin & Debski, P.A.,
2010 WL 4384216 (Oct. 28, 2010).................................................................36

Stewart v. Bierman,
2012 WL 1655716 (D.Md. May 8, 2012)........................................................56

Taylor v. Health W. Williams, LLC,
510 F.Supp.2d 1206 (N.D. Ga. 2007).............................................................53

Todd v. Weltman, Weinberg & Reis Co., L.P.A.,
434 F. 3d 432 (6th Cir. 2006)................................................................23, 47, 52

Tsnes v. Trans-Continental Credit and Collection Corp.,
892 F.Supp. 461 (E.D.N.Y. 461 1995) ....................................................................54

Waite v. Financial Recovery Services, Inc.,
2010 WL 5209350 (M.D. Fla. Dec. 16, 2010).........................................................28

Walsh v. Law Offices of Howard Lee Schiff, P.C.,
2012 WL 4372251 (D. Conn. Sept. 24, 2012)..................................31, 32, 33, 34, 40

Warren v.  Sessoms & Rogers, P.A.,
676 F.3d 365 (4th Cir.2012) ....................................................................................39

Wright v. Phelan, Hallinan & Schmieg, LLP,
2010 WL 786536 (E.D.Pa. Mar. 8, 2010)................................................................33

**Federal Statutes**
15 U.S.C. § 1692d..............................11, 21-22, 25-27, 35-38, 49, 51, 54, 55-58, 61

15 U.S.C. § 1692e ....................................................................................................

.............................11, 13, 18, 22, 23, 25-27, 32, 33, 39, 40, 42-44, 47-49, 53-58, 61

15 U.S.C. § 1692f.........................................11, 13, 24-27, 39, 47, 49, 51-59, 61, 62

**Federal Rules**
F.R.C.P. Rule 12(b)(6)................................................................17, 32, 51, 54

F.R.C.P. Rule 28 ...........................................................................................12

Fed. R. Civ. P. 10(b) ....................................................................................53

Fed. R. App. P. 32 ........................................................................................63

**Florida Statutes**
F.S. §222.11 ...............................................................................15, 21, 35, 45

F.S. §222.12 ...............................................................................................46

F.S. Ch. 77...........................................................................................14, 45

F.S. §77.041 .............................................................. 15, 18, 30, 42, 46, 50, 60-61

**Florida Rules of Judicial Adminsitration**
FLA. R. JUD. ADMIN. 2.050(a) & (b)(3) (2013) .......................................................51

**Florida Laws**

Chapter 2013-233, §2 Fla. Laws 4.............................................................................30

**Adminsitrative Orders**

ADMIN. ORDER NO. 7-6.0 (10th Jud. Cir. Apr. 12, 1993) .........................................51

ADMIN. ORDER NO. 3-8.0 (10th Jud. Cir. Sept. 4, 1986) .........................................51

**Other Authorities**

Stephen B. Rakusin, Florida Creditors Rights Manual
§2.05[A][1][d]] (2009)...............................................................................................44

Rachel Crews, Creditors and Debtors' Practice in Florida
CD FL-CLE 6-1 (§6.25) (2007)..................................................................................45

## STATEMENT OF THE ISSUES PRESENTED ON APPEAL

Did the District Court properly dismiss with prejudice Miljkovic's Complaint based on its holding that Dinkin and the Law Firm did not violate the Federal Fair Debt Collection Practices Act in a Florida post-judgment wage garnishment proceeding, as a matter of law.  Encompassed within this question are the following sub-issues:

1.    Are procedural filings with a state court in a debt collection proceeding not considered "communications" under the FDCPA, and therefore not actionable

2.    Are communications to a consumer's attorney not actionable under the general provisions of §§1692d-f of the FDCPA.

3.    Is there a materiality requirement to communications sued upon under §1692e, which regulates "false, deceptive and misleading representations"

4.    Must a consumer allege conduct beyond that alleged to state a claim under §1692d or §1692e, whether those claims are viable, to state a claim under the general provision of §1692f.

## STATEMENT OF THE CASE[1]

Dinkin and the Law Firm object to Miljkovic's Statement of the Case and Facts, and believe substantial portions of it should be stricken.  In both the "Factual

---

[1] Miljkovic cites to the record by referencing the docket entries from the lower court's docket.  Appellees follow this format in their Answer Brief to be consistent.

11

Background" and "Procedural History," Miljkovic make numerous arguments, inferences (and inflammatory statements), without identifying them as such, in contravention of Rule 28(a)(6), as further described in Rule 28-1(i), (ii).  For example, Miljkovic states "Appellant qualifies as the Head of Family."  [Initial Brief at p. 11].  This was never established in the underlying state proceeding. Miljkovic states Dinkin's discovery was largely unrelated to the issues at hand, but omits his formal document production contained "extensive financial information." [D.E. 1, p. 5 at ¶32].  Miljkovic also states as "fact" that "Dinkin has the practice of filing such a sworn affidavit disputing a claim of exemption in all cases, regardless of whether there is any factual basis for his sworn assertions in a particular case." [Initial Brief at p. 13].   This allegation in paragraph 33 of the Complaint, however, was qualified by the phrase "Upon information and belief" and is completely without factual support.  [See D.E. 1, p. 5 at ¶33].  Likewise, Miljkovic's statement that Dinkin "moved to dissolve the improper garnishment" after Miljkovic noticed Dinkin's deposition *completely ignores* that on February 28, 2014 Dinkin moved to dissolve the garnishment after receipt of Miljkovic's formal discovery responses on February 25th, including his complete document production of "extensive financial information."  [See D.E. 1, p. 5 at ¶32; D.E. 17, Exhibit "A"].

Accordingly, the Law Firm and Dinkin set forth what they believe to be an accurate Statement of the Case and Facts, as follows:

On March 14, 2014, Miljkovic filed his Complaint against the Law Firm and Dinkin alleging that they violated the general provisions of Sections 1692d, 1692e, and 1692f of the Fair Debt Collections Practices Act when Dinkin, in accordance with Florida's garnishment statute, filed a sworn reply, disputing Miljkovic's claim his wages were exempt from garnishment under Florida law.[2]  [D.E. 1, p. 6 at ¶35-36].

On May 19, 2014, the Law Firm and Dinkin filed their motion to dismiss Miljkovic's Complaint with prejudice.  [D.E. 16].  On June 2, 2014, Miljkovic filed his Memorandum in Opposition to the Law Firm and Dinkin's motion to dismiss.  [D.E. 18].  On June 23, 2014, Dinkin and the Law Firm replied to Miljkovic's opposition memorandum.  [D.E. 24].  On June 30, 2014, both parties filed supplemental authority with the District Court, which the court accepted. [D.E. 27-29].  On July 2, 2014, oral argument before the District Court was held. [D.E. 30].  On July 6, 2014, the District Court denied Miljkovic's request to file an additional brief with the Court.  [D.E. 32].  On July 18, 2014, the District Court

---

[2] Miljkovic also alleged a violation of §1692e(10), which is essentially identical to his §1692e claim.

entered its Order dismissing Miljkovic's Complaint with prejudice.  [D.E. 34].[3]

The District Court did so only after specifically inquiring with Miljkovic's counsel

if he wanted leave to amend.  Counsel for Miljkovic declined, conceding there

were no additional facts Miljkovic could plead to state a cause of action under the

FDCPA.  [See *id.* at p. 16].

On August 15, 2014, Miljkovic filed a timely appeal of the District Court's

decision.

## STATEMENT OF THE FACTS

1.    On or about September 17, 2013, the Law Firm and Dinkin were

retained by Publix to enforce a Default Final Judgment entered against Plaintiff

March 19, 2008.  [D.E. 1, p.2. at ¶9].[4]

2.    On or about January 22, 2014, Publix, by and though the Law Firm

and Dinkin, caused a Continuing Writ of Garnishment Against Salary or Wages

("Writ") to be issued pursuant to Chapter 77, Florida Statutes, which was then

served on the Plaintiff's current employer, Lowes.  [See *id.* at ¶11].

---

[3] The District Court took judicial notice of the underlying state court garnishment proceeding per the Law Firm and Dinkin's request.  [See D.E. 17; 34 at p. 5 n.1].

[4] Contrary to Miljkovic's statement, neither the Law Firm nor Dinkin represented Publix in the underlying pre-judgment collection proceeding.  Approximately five (5) years passed from the time judgment was entered and Dinkin initiated the wage garnishment proceeding.  [See D.E. 1, p.2 at ¶¶10-11].  Therefore, neither the Law Firm nor Dinkin were privy to those pre-judgment collection proceedings.

3.     After serving Lowes with the Writ and then serving notice of the Writ on Miljkovic, on or about January 27, 2014, Miljkovic, through his current counsel, filed and served Dinkin with a statutory "Claim of Exemption and Request for Hearing." [*Id.* at ¶13].

4.     Miljkovic served an additional affidavit, setting forth facts Miljkovic contended supported his Claim of Exemption as "head of family" under Section 222.11, Florida Statutes [*Id.* at 18; see also **Exhibit "A"**].

5.     On January 31, 2014, Dinkin filed and served a timely "Reply in Opposition to Defendant's Claim of Exemption," pursuant to §77.041(2), FLA. STAT., along with written discovery in aid of execution.  [*Id.* at ¶¶21-22, 25].

6.     Dinkin's Reply states, in pertinent part:

3.     On behalf of Plaintiff, the undersigned disputes that Defendant is a head of household/family within the meaning of Florida statutes.

4.     The facts supporting Defendant's Claim of Exemption are in dispute and, therefore, this garnishment action should be set for trial to determine these factual issues and Plaintiff's right to garnishment of the wages/salary at issue."

7.     On  February 18, 2014, Miljkovic emailed three (3) months of his bank statements showing both his and his wife's income, along with a monthly budget.  [D.E. 1, p. 4, at ¶26].

8.    On February 19, 2014, Dinkin and Miljkovic's counsel exchanged emails, including Dinkin's bona fide effort to resolve the pending matters before the state court without the necessity of a hearing.  [See *id.* at ¶30, Exhibit "E"].[5]

9.    On February 19, 2014, Appellees coordinated a hearing on Miljkovic's Claim of Exemption with the state clerk of court and Miljkovic's counsel, scheduling the matter for March 31, 2014, which Plaintiff concedes was the "first available hearing date."  [See *id.* at ¶27].

10.    On February 25, 2014, Miljkovic served his formal discovery responses on Dinkin, including additional documentation that was not included with the February 18, 2014 email, and which Miljkovic himself characterized as extensive financial information.  [See *id.* at ¶¶26, 32].

11.    In response, on February 28, 2014, Dinkin moved to dissolve the Wage Garnishment.  [See *id.* at ¶32].

12.    On March 6, 2014, the state court dismissed the garnishment proceeding.  [See D.E. 17, Exhibit "A"].

13.    In his Complaint, Miljkovic concedes the validity of the Publix judgment against him.  [D.E. 1, p.2 at ¶10].

---

[5]  The District Court noted "that Miljkovic attached numerous exhibits to the Complaint.  The Court has considered the exhibits and did take judicial notice as specified above, for limited purposes, but has not considered any other documents in making its determination."  [D.E. 34, p. 7].

14.    Miljkovic also concedes Dinkin did not misrepresent the amount of the debt due and that Dinkin did not violate Florida's garnishment statute.  [See D.E. 18, p.6 at ¶30].

## STANDARD OF REVIEW

Appellees agree with Miljkovic that the standard of review of a District Court's dismissal of a complaint under Rule 12(b)(6) is *de novo*.  *See, e.g.*, *Acosta v. Campbell*, 309 Fed Appx. 315, (11th Cir. 2009) (citation omitted).  Appellees disagree that <u>all</u> allegations of Miljkovic's Complaint must be taken as true for purposes of reviewing the District Court's order.  Rather, this Court is only required to accept the well-pled allegations of the Complaint as true and in the light most favorable to Miljkovic.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  There are several conclusory allegations in Miljkovic's Complaint that this Court should disregard when it reviews the District Court's dismissal order *de novo*.  In particular, is Miljkovic's allegations that Dinkin leveraged the garnishment to attempt to coerce a settlement from Miljkovic and that it was Miljkovic's noticing of Dinkin's deposition rather than his "extensive financial" document production on February 28, 2014 that prompted Dinkin to move to dissolve the garnishment.  [D.E. 1, p. 5, 6 at ¶32, 36c].  Such an unfounded allegation against a member of the Bar is questionable, at best.  The

attachments to the Complaint negate and nullify these conclusory and baseless allegations.

## SUMMARY OF THE ARGUMENT

Miljkovic's sole basis for suing the Law Firm and Dinkin is premised on Dinkin's filing a sworn statement "answering" Miljkovic's claim of exemption to dispute it, which procedurally triggers an evidentiary hearing under Florida's garnishment statute.  See FLA. STAT. §77.041 (characterizing the judgment creditor's traverse as an "answer").  Reduced to its bare essence, Miljkovic wishes this Court to reverse the lower court and hold retroactively that a lawyer or other debt collector may be sued under the FDCPA even though the debt collector strictly followed Florida's garnishment statutory procedures to collect a money judgment and did not violate any other laws in doing so.  Such a holding would defy logic and contravene Congress' expressed intent under the FDCPA to protect ethical debt collectors.  See 15 U.S.C. §1692(e).

Importantly, the District Court properly recognized that Miljkovic's affidavit served on Dinkin did not impart to Dinkin "actual knowledge" of Miljkovic's head of household exemption, requiring Dinkin to immediately dissolve the garnishment or risk violating the FDCPA.  [D.E. 34, p. 14-15].  Rather, the District Court correctly stated that Miljkovic's affidavit simply contained facts that, if proven at an evidentiary hearing, may have entitled Miljkovic to his exemption.  [*Id.*]

Likewise, Dinkin's client, Publix, was entitled to require Miljkovic to prove his claim of exemption under Florida law, whether he had elected to proceed *pro se* or with the benefit of counsel in the garnishment proceeding.

Accordingly, the District Court properly dismissed Miljkovic's Complaint against Appellees on the grounds that Dinkin's Sworn Statement was a procedural filing directed to the state court (not the debtor), and therefore was not the type of conduct Congress intended to regulate under the FDPCA.  [D.E. 34, p.11].  In addition, the District Court properly held that since Miljkovic was represented by competent legal counsel, Miljkovic did not need the protections of the FDCPA. [*Id.* at 15].

Assuming arguendo, the District Court erred in reaching all of the foregoing conclusions based on applicable law, the District Court nevertheless properly dismissed all of Miljkovic's FDCPA claims for failure to state a claim after considering only the well-pled facts of the Complaint in the light most favorable to Miljkovic.  Contrary to Miljkovic's argument, the District Court did not announce a blanket rule that an attorney's conduct during a state court collection proceeding is *per se* exempt from the FDCPA.  Nor did the District Court hold an attorney's conduct in a state court collection proceeding is *per se* exempt when the debtor is represented by legal counsel.

19

To the contrary, the District Court's holding was limited to the factual scenario presented in the context in which it arose and the law applicable to the underlying state statutory proceeding.  The District Court properly recognized that Miljkovic was not disputing the validity of the judgment, that Miljkovic was not contending Dinkin misrepresented the amount of or character of the debt in his Sworn Statement, or that Dinkin made any other statement in his Sworn Statement that could be construed as "false, misleading, or deceptive."  [D.E. 34, pp.10-11]. Specifically, the District Court correctly held that Dinkin's Sworn Statement "does not include misstatements of the amount of the debt, like the attorney's letter in *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995) that the Supreme Court determined to be actionable under the FDCPA.  [*Id.*].  Miljkovic also conceded to the District Court that Dinkin did not violate Florida's garnishment statute (and the Social Security Act is not applicable) [D.E. 18, p.6 at ¶30].  This is a dispositive difference from the federal cases Miljkovic cites from Ohio, Texas and Iowa.[6] This coupled with the fact Miljkovic was represented by counsel **and** Dinkin's Sworn Statement was a procedural filing justified dismissal of Miljkovic's FDCPA claims.

_____

[6] In this regard, Appellees respectfully disagree with the *Chalik* court and the lower court that compliance with the garnishment statute at issue is wholly irrelevant to determining whether an FDCPA violation has been pled or can be proven.  [See D.E. 34, p. 13].  The district court in *Jordan v. Thomas & Thomas,* C-1-04-296, 2007 WL 2838474 (S.D. Ohio Sept. 26, 2007)*,* which Miljkovic heavily relies upon, stated otherwise.

Furthermore, the District Court properly declined to reach a different result than the Southern District Court of Florida reached in *Chalik* relative to Miljkovic's §1692d claim simply because Miljkovic alleged Dinkin had "actual knowledge" that Miljkovic's wages were exempt from garnishment based on Miljkovic's affidavit.  The District Court implicitly rejected Miljkovic's argument that his self-serving affidavit, uncorroborated by any unbiased documentary evidence, gave Dinkin "actual knowledge" that Miljkovic was undoubtedly the head of his household within the meaning of §222.11, FLA. STAT.[7]  In this regard, this allegation was a legal conclusion which the District Court was not required to accept.  Rather, the District Court properly concluded Dinkin's Sworn Statement was no more harassing, oppressive or abusive than the sworn statement filed by the lawyer in *Chalik*.  Second, the District Court properly rejected Miljkovic's request to presuppose what the Southern District Court *would have done* in *Chalik* had it been presented with Miljkovic's factual scenario because the plaintiff in *Chalik* proceeded *pro se* in the underlying garnishment proceeding, relying upon such

---

[7]  The District Court held, "[t]us the Court finds that filing a sworn reply in opposition to a claim of exemption with information that the garnished funds *may be* exempt does not qualify 'as conduct with the natural consequence of which is to harass, oppress, or abuse."  [D.E. 34, p. 15]

authority as *Kropelniki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002).[8]  [D.E. 34,

p.15].  Therefore, the District Court properly dismissed Miljkovic's §1692d claim.

The District Court also properly dismissed Miljkovic's §1692e and

§1692e(10) claims (collectively referred to as "Miljkovic's §1692e claims") on the

grounds that Miljkovic "failed to allege sufficient facts to establish a claim."  [*Id.*

at p. 17].  In so holding, the District Court correctly rejected Miljkovic's attempt to

analogize *Chalik* to the case at bar, and instead distinguished *Chalik* on the basis

that the plaintiff in *Chalik* proceeded *pro se* in the underlying garnishment

proceeding, whereas Miljkovic was represented by present counsel – Mr.

Roberson.  [See *id.* at pp. 18-19].  This prevented Miljkovic from being deceived

by Dinkin's Sworn Statement, assuming arguendo he could be under the least

sophisticated consumer standard. There simply is nothing deceptive about Dinkin's

---

[8]  The plaintiff in *Chalik* alleged that the debt collection attorney did not have "specific knowledge" of the plaintiff's exempt status, but nevertheless filed a sworn denial of that plaintiff's claim of exemption in violation of §1692d.  The Southern District Court dismissed the §1692d claim after considering Congress' enumerated examples of conduct that has the natural consequence of which is to "harass, oppress or abuse," because filing a sworn denial of a debtor's claim of exemption in a post judgment garnishment proceeding "is not the kind of conduct that was intended to be covered by §1692d."  *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d. 1322, 1329-30 (S.D. Fla. 2009).

Sworn Statement when considered in the context of Florida's garnishment statute, one that is significantly different from the Ohio garnishment statute at issue in *Todd* and *Jordan* which Miljkovic primarily relies upon. [See Appellant's Brief at p. 28][9]

The District Court specifically noted Mr. Roberson could explain to Miljkovic "the legal bases for Defendants' filing of the sworn reply," i.e., to prevent the automatic dissolution of the Writ, and to trigger an evidentiary hearing at which Miljkovic would have to present evidence to prove his head of household status. [See D.E. 34 at p. 19]. As such, the District Court did not believe it was appropriate to apply the "least sophisticated consumer" standard first adopted by this Court in *Jeter* because Miljkovic was represented by counsel, citing *Holliston v. Fla. Default Law Grp., P.L.*, 2008 WL 8946060, at *5 (M.D. Fla. Mar. 13, 2008) (holding it makes little sense to apply [the least sophisticated consumer standard] to a debtor's attorney, who is presumably not unsophisticated, but well trained and educated") (citations omitted). [*Id.* at pp. 19-20].

Even if the District Court erred in this regard, nothing in Dinkin's Sworn Statement was <u>materially</u> "false, deceptive or misleading" within the meaning of §1692e. In actuality, the only "fact" in the Sworn Statement was Publix was

---

[9]  For an extensive analysis of *Jordan v. Thomas & Thomas*, 2007 WL 2838474 (S.D. Sept. 26, 2007), see Appellees' Reply submitted to the District Court. [See D.E. 24, pp. 73-81].

disputing Miljkovic's exemption claim, which was true.  Interestingly, Miljkovic does not allege he ever read Dinkin's Sworn Statement.  [See D.E. 1].  Therefore, the District Court correctly held that Miljkovic failed to allege that Dinkin's Sworn Statement "caused him confusion about the validity or amount of the debt or otherwise impede his ability to pay or challenge [the debt]."  [D.E. 34, p. 20].  In issuing its ruling, the District Court clearly understood Florida's current garnishment laws, how the state legislature intended its statutory scheme to work, including the judgment creditor's lawful right to an evidentiary hearing on a claim of exemption.  This portion of the District Court's order should therefore be affirmed.

With regard to Miljkovic's §1692f claim, contrary to Miljkovic's argument, the District Court did not "decline" to analyze Miljkovic's §1692f claim, but rather performed a thorough analysis.  [See *id.* at pp. 20-22].  Nor does the District Court's ruling place Miljkovic in an unwinnable "Catch-22."  Rather, the District Court considered all of the email communications Miljkovic attached to his Complaint [See *id.* pp. 7, 21-22], which Miljkovic tried to use to distinguish his §1692f claim from his other FDCPA claims.  The District Court then correctly held, as a matter of law, however, that those emails did not factually support Miljkovic's conclusory allegation that Dinkin engaged in "unfair" or "unconscionable" conduct.  [See *id.* at p. 21].  Stated another way, the Court

24

properly held no reasonable jury could conclude Dinkin's email communications to Miljkovic's counsel supported Miljkovic's conclusory allegation that Dinkin "refused to release the garnishment in an attempt to leverage a settlement from Plaintiff." [D.E. 1, p. 6 at ¶36c.]. This, coupled with Miljkovic's concession he had no additional facts to allege against Dinkin, the District Court correctly held that Miljkovic's §1692f claim was dependent upon Dinkin's filing of the Sworn Statement, which was the identical conducted the lower court concluded could not state a claim under §1692d or §1692e. Therefore, based on applicable law, the District Court properly dismissed Miljkovic's §1692f claim. Even if the Court erred in this regard, Dinkin's conduct was not "unfair or unconscionable," as a matter of law, necessitating affirmance the lower court's order. [See D.E., p. 22].[10]

## ARGUMENT AND CITATIONS OF AUTHORITY

### I.    The District Court correctly held that the FDCPA does not apply to Dinkin's alleged conduct during a post-judgment Florida garnishment proceeding.

#### A.    Relevant Standards Under the FDCPA.

It well settled that "[i]n enacting the FDCPA, Congress sought 'to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state

---

[10] The lower court stated "Miljkovic did not explain why Defendants' exercising their right o set an evidentiary hearing, even with purported ulterior motives, rose to the level of unconscionability." [See D.E., p. 22].

action to protect consumers.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (quoting 15 U.S.C. §1692(e)). Although "'[i]t is clear that Congress painted with a broad brush in the FDCPA [,]' not every technically false representations by a debt collector amounts to a violation of the FDCPA." *Gabriele v. American Home Mortgage Serv., Inc.*, 503 Fed. Appx. 89, 94 (2nd Cir. 2012) (quoting *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989)). Relevant to the questions presented on appeal, the FDCPA prohibits debt collectors from: (i) engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt:" (ii) using "any false, deceptive, or misleading representation or means in connection with the collection of any debt;" and (iii) the use of "unfair or unconscionable means of collection." 15 U.S.C. §§ 1692d, 1692e, and 1692(f).

The Eleventh Circuit does not evaluate violations of the various sections of the FDCPA under the same standard. Rather, this Court held in *Jeter v. Credit Bureau, Inc.* that violations of §1692d must be evaluated under a different standard than the "least sophisticated consumer standard" this Court adopted "with respect to claims of misrepresentation and deception under §1692e." 760 F.2d 1168, 1179 (1985). In so holding, this Court stated:

> Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication; rather, such susceptibility

might be affected by other circumstances of the consumer or by the relationship between the consumer and the debt collection agency. For example, a very intelligent and sophisticated consumer might well be susceptible to harassment, oppression, or abuse because he is poor (*i.e.,* has limited access to the legal system), is on probation, or is otherwise at the mercy of a power relationship. Although the standard enunciated in Part II, *supra,* is not precisely applicable here, we believe that the consumer protective purposes of the FDCPA require us to adopt an analogous standard for violations of §1692d.  Thus, we hold that claims under §1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.

*Id.* [11]

With regard to §1692e and §1692f claims, the Eleventh Circuit evaluates such alleged violations of the FDCPA under a "least sophisticated" consumer standard.  See *LeBlanc*, 601 F.3d at 1193-94.[12]  "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDPCA protects all consumers, the gullible as well as the shrewd."  *Clomon v. Jackson*, 988 F.2d 1314, 1317 (2nd Cir. 1993); *LeBlanc*, 601, F.3d at 1194.   While protecting naïve consumers, the standard also has "an objective component," to prevent "liability

---

[11] This Court did not address in *Jeter* or *LeBlanc*, however, whether §1692d should be viewed from this perspective when the consumer is represented by counsel.

[12] This Court determined in *LeBlanc* that a §1692f claim should be viewed through the lens of the "least sophisticated consumer" because "fairness and unconscionability necessarily include inquiry regarding deceptiveness, and because this inquiry is less dependent upon the individual debtor's circumstances than the "means" employed by the debt collector and the debtor's reaction to said means. As such, the Court deemed LeBlanc's §1692f claim more akin to §1692e than §1692d. *LeBlanc*, 601 F.3d at 1200-01. (citations omitted).

for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Clomon*, 988 F.2d at 1316.  As such, the "'least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* at 1195; see also *Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350 *5 (M.D. Fla. Dec. 16, 2010) (quoting *Graziano v. Harrison*, 763 F. Supp. 1269, 1275 (D.N.J. 1990), *aff'd in part and rev'd in part on other grounds* 950 F.2d 107 (3rd Cir. 1991)).

Also relevant to the questions presented to this Court on appeal is the definition of "communication" under the FDCPA.  This Court recently reiterated in *Caceres v. McCalla Raymer*, *LLC*, 755 F.3d 1299 (2014), that "the definition of communication is very broad. . . ., it is defined as 'conveying of information **regarding a debt** directly or indirectly to any person through any medium.'" *Id.* at 1302 (emphasis added).  As such, this Court adopted the Second Circuit's definition of communication, i.e., "if a communication conveys information about a debt and its aim is at least in part to induce the debtor to pay, it falls within the scope of the Act." *Id.* 1302 (citing *Romea v. Heiberger & Assoc.*, 163 F.3d 111, 116 (2d Cir. 1998).

**B.**    **Dinkin's Sworn Statement is not an actionable "communication" under the FDCPA**

Although not squarely addressed in the District Court's order, or by the parties below, since this Court reviews the District Court's order *de novo*, a threshold issue for this Court is whether Dinkin's Sworn Statement is a "communication" under the FDCPA.[13]   An examination of Dinkin's Sworn Statement reveals that it is not a "communication" intended to be covered by the FDCPA.  Dinkin's affidavit, in relevant part, states "[o]n behalf of Plaintiff, the undersigned disputes that Defendant is a head of household/family within the meaning of Florida Statutes." (emphasis added).  [D.E. 1, Exhibit "B"].  Dinkin's Sworn Statement does not convey **any** information about Miljkovic's debt due to his client, Publix.  Nor is Dinkin's Sworn Statement's "aim . . . at least in part [intended] to induce Miljkovic to pay the debt he owed to Publix.  Rather, the Writ would fit this definition.

Consequently, Dinkin's Sworn Statement is nothing more than a "traverse" of Miljkovic's Claim of Exemption affidavit, akin to a general denial interposed in

---

[13] See *Akanthos Capital Management, LLC v. CompuCredit Holdings Corp.*, 677 F.3d 186 (11th Cir. 2012) (holding "rule foreclosing review of issues not presented below is not jurisdictional limitation but is instead a rule which may be abrogated in our sound discretion."  "[A]n appellate court will consider an issue not raised below in the district court if it involves a pure question of law, and if a refusal to consider it would result in a miscarriage of justice.") (citations omitted). Undersigned counsel overlooked this argument and it would be a miscarriage of justice to not consider a potentially dispositive legal argument.

an answer to a complaint.[14]  Former Chief Judge Farmer of the Fourth District Court of Appeal perhaps said it best in *Brooks v. Foster*, 889 So. 2d 902 (Fla. 4th DCA 2004), where the judgment debtor sought to disqualify the garnishor's attorney:

> The role of the garnishor's lawyer challenging a judgment debtor's claim of exemption is the rough equivalent of the State Attorney's Traverse to the defendant's motion to dismiss the charges for legal insufficiency. The State Attorney has not thereby become a substantive witness against the accused, any more than any opposing lawyer becomes a personal adversary by saying "prove it." And that is all this lawyer has done.

The District Court therefore correctly held Dinkin's Sworn Statement was nothing more than a procedural filing to trigger an evidentiary hearing before the state court on whether Miljkovic's wages were exempt from garnishment under Florida law.  The state court would then consider all probative evidence from Miljkovic and either sustain Miljkovic's exemption claim and dissolve the Writ dissolved, or overrule it and order execution of the Writ against Miljkovic's employer in favor of Publix.  Therefore, this Court should hold that Dinkin's Sworn Statement is not an actionable "communication" under the FDCPA, and affirm dismissal of Miljkovic's Complaint with prejudice on this basis.

---

[14] As part of the 2013 Amendment to §77.041, a traverse is characterized as "answering" the claim of exemption rather than "contesting."  Therefore the role of the traverse has clearly changed under 77.041, verifying that it is nothing more than a general denial and the judgment debtor need not have knowledge of the facts to enter that denial. See Act effective July 1, 2013, ch. 2013-233, §2 Fla. Laws 4.

### C.    <u>Communications directed to the state court or the consumer's attorney are not actionable under the FDCPA</u>

Assuming arguendo Dinkin's Sworn Statement is a "communication" within the meaning of the FDCPA, this Court has not previously considered whether a document filed in a state court collections proceeding, such as Dinkin's Sworn Statement, is actionable under the FDCPA, when the document is directed to the state court, not the debtor or even the debtor's attorney. Nor has this Court considered whether communications directed or sent to a debtor's <u>attorney</u> rather than the debtor are actionable under the FDCPA. In the case at bar, the lower court held that Dinkin's Sworn Statement was <u>not</u> actionable under the FDCPA because it was directed to the <u>state court</u>; was a "procedural filing" to trigger an evidentiary hearing under Florida's garnishments statute; <u>and</u> Miljkovic was represented by competent legal counsel, relying upon *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 WL 4372251, at *3-6 (D. Conn. Sept. 24, 2012).[15]

In *Walsh*, the debtor sued the law firm and lawyer who represented a credit card issuer in two underlying state court collection proceedings. Initially, Walsh represented herself *pro se* in those state proceedings, but then retained counsel.

---

[15] Clearly, the lower court considered the factual scenario presented by this case a limited scenario because of the procedures set forth in Florida's garnishment statute. While discovery motions and other filings in a state court collection proceeding may be "directed" to debtor's counsel (raising the issue that has more commonly been addressed by other district and appellate courts), in this particular case, Miljkovic's counsel only received Dinkin's Sworn Statement because Dinkin was required to serve him with a copy pursuant to local rules of civil procedure.

*Id.* at *1.  The District Court of Connecticut noted that all of Walsh's FDCPA claims arose from "discovery disputes and alleged procedural misconduct during the course of the state court litigation."  *Id.*  This conduct allegedly included:

> (1) the filing of objections to Walsh's discovery motions in which defendants made false statements; (2) the filing of discovery motions in which Dumont admitted to having sent Walsh bank statements related to a different case and falsely alleged that Walsh's attorney had "threatened and bullied" her; (3) the filing of premature motions for default; (4) the filing of a motion to strike, which falsely claimed that defendants never received requests for admissions and that notice of service was improperly filed; (5) the failure to answer discovery and the attempt to cover up that failure with false statements; (6) the filing of an objection to Walsh's motion for contempt, which included multiple false statements; and (7) the filing of inaccurate certifications that pleadings had been mailed on particular dates.

*Id.* at *6.

Walsh sued the lawyer and her law firm for allegedly violating §1692e. These defendants then moved to dismiss Walsh's FDCPA claim under Rule 12(b)(6).  In granting the motion to dismiss, the Court broke down the communications at issue into two categories – those that were made when Walsh was *pro se* in the underlying debt collection cases, and those made when Walsh was later represented by counsel in those cases.[16]  *Id.* at *4-7.  With respect to the communications while Walsh was represented by counsel (quoted above), the

---

[16]  The portion of *Walsh* addressing communications to Walsh's attorney is pertinent to Appellees' first argument, while the materiality analysis of *Walsh* relative to the *pro se* communications will be addressed in Section III below addressing Miljkovic's §1692e claim.

district court held those communications were not actionable "for at least two reasons. First, all of these communications involve[d] procedural defects in the underlying litigation that were immaterial to the amount, character, or validity of the debt." *Id*. at *6. These communications, in the district court's view, lacked materiality and therefore the communications would not "influence a consumer's decision or ability to pay or challenge a debt." *Walsh*, 2012 WL 4372251 at *4 (citation omitted). Secondly, the district court held the communications at issue did not violate §1692e because Walsh was represented by counsel, citing the Second Circuit Court of Appeal's decision in *Kropelniki v. Siegel*, 290 F.3d 118 (2002). *Id.* at *7.

As the Eastern District Court of Pennsylvania observed in *Wright v. Phelan, Hallinan & Schmieg, LLP*, 2010 WL 786536 *5, (E.D.Pa. Mar. 8, 2010), the Ninth and Second Circuits do not consider communications with a consumer's attorney actionable under the FDCPA. (citing *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (holding "that communications directed solely to a debtor's attorney are not actionable under the [FDCPA]"); *Kropelnicki v. Siegel*, 290 F.3d 118 (2nd Cir. 2002) (stating "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."); see also *Schaffhauser v. Citibank (S.D.) N.A.*,

340 F. App'x 128, 131 n. 7 (3rd Cir. 2009) (nonprecedential) (citing *Kropelnicki* for

the proposition that "there is a serious question whether communications between

attorneys are subject to the FDCPA"); *Richmond v. Higgins*, 435 F.3d 825, 828 n.4

(8th Cir. 2006) (citing *Kropelnicki* and collecting district-court cases indicating that

the FDCPA does not apply to communications with debtors' attorneys).

More recently in *Gabriele v. American Home Mortgage Serv., Inc.*, 503 F.

App'x 89, the Second Circuit cited *Walsh* with approval and held that:

> Although statements made and actions taken in furtherance of a legal
> action are not, in and of themselves, exempt from liability under the
> FDCPA, the false statements of which Gabriele [the debtor]
> complains do not amount to the kind of misleading and deceptive
> practices that fall within the ambit of the FDCPA and therefore fail to
> state a plausible claim. Gabriele alleges that Croog prematurely filed
> two motions for default and a motion for judgment of strict
> foreclosure, in violation of procedural rules and deadlines set by the
> court, thereby forcing Gabriele to "expend unnecessary resources"
> defending against those motions.

The Second Circuit then noted additional conduct that Gabriele complained of:

> Gabriele also alleges that Croog falsely stated that it had forwarded
> both exhibits to the complaint; submitted an affidavit incorrectly
> representing that there were no set-offs or counterclaims; filed an
> unsigned affidavit; and misrepresented that Gabriele was ineligible for
> a federal loss mitigation program when in fact he was under
> consideration for such a program in mediation. However, "[t]he
> hypothetical least sophisticated consumer ... is neither irrational nor a
> dolt." (citing *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130
> (internal quotation marks omitted). These filings, even if false, would
> not mislead the least sophisticated consumer, particularly represented
> by counsel, as here, into believing that he had already received an
> exhibit he had not received, that he had not filed counterclaims that he

had filed three months before, or that he was not under consideration for a program he was in mediation to address. "***Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior***."

503 F. App'x at 95 (emphasis added).

Therefore, the Second and Ninth Circuits have clearly held, and the Third and Eighth Circuits have indicated in dicta, that communications directed to, or received by, a debtor's attorney are not actionable under the FDCPA. This Court should therefore hold, at a minimum, procedural filings with a state court in a consumer collection proceeding where the debtor is represented by counsel are not actionable under the FDCPA.[17]

Consistent with the foregoing authority, the District Court observed Miljkovic's lawyer could explain to him why Dinkin filed the Sworn Statement – to trigger an evidentiary hearing at which Miljkovic would have to testify, be subject to cross examination, and present other witnesses and documentary evidence to prove to the state court judge he was indeed "head of household" under Section 222.11, Florida Statute. [D.E. 34, pp. 8-12]. Consequently, this Court should follow the Second and Ninth Circuits and affirm the District Court's order dismissing Miljkovic's Complaint with prejudice.

---

[17] Notably, the lawyer in Gabriele appears to have engaged in conduct sanctionable by the state court judge, but was still held to be not actionable by the Second Circuit.

**II.    The District Court correctly held that Appellees' procedural filing of a Sworn Statement to Dispute Miljkovic's Claim of Exemption in a Post-Judgment Wage Garnishment to trigger an Evidentiary Hearing is not a violation of the "catchall" provision of §1692d of the FDCPA, as a matter of law.**

Despite very clear case law to the contrary, Miljkovic has elected to pursue appeal of dismissal of his §1692d claim.  §1692d prohibits a debt collector from engaging in conduct with the natural consequence of harassing, oppressing and abusing a consumer.  "Section 1692d is meant to protect debtors from oppressive and outrageous conduct, but not from every negative consequence of debt collection." *Johnson v. Capital Mgm't Servs.*, 2011 WL 6012509 *5 (W.D.N.Y. Dec. 1, 2011).  Although a §1692d violation is not limited to the specific conduct listed in §1692d, *Jeter*, 760 F.2d at 1178, federal courts look to the enumerated conduct to determine what constitutes a violation of the general bar on abusive and harassing conduct. *See, e.g.*, *Elmore v. Northeast Florida Credit Bureau, Inc.*, 2011 WL 4480419, *4-5 (M.D. Fla. Sept. 27, 2011) (examining the enumerated examples of §1692d, looking also to *Jeter*, and holding "a single [collection] letter" threatening to conduct a costly personal asset search of the debtor" was not the type of conduct intended to be regulated in Section 1692d); *Sierra v. Rubin & Debski, P.A.*, 2010 WL 4384216., *2 (Oct. 28, 2010) (granting law firms motion to dismiss plaintiff's §1692d claim, holding that the mere filing of a lawsuit, even if the plaintiff alleges the law firm sued the wrong defendant, is not actionable, as a

matter of law under §1692d of the FDCPA); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 1322, 1329-30 (S.D. Fla. 2009) (holding that the filing of a sworn statement "denying" a claim of exemption without specific knowledge regarding the exemption was not a §1692d claim); see also *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp.2d 382, 390 (E.D.N.Y 2011) (holding that serving plaintiff with a state court complaint which contained an allegedly false statement was not similar in seriousness to any of the examples listed in §1692d).

In the case at bar, the District Court, after examining the enumerated examples of under §1692d and after considering applicable case law addressing actionable conduct under the general provision of §1692d, properly dismissed Miljkovic's §1692d claim.   In so doing, the District Court properly declined Miljkovic's invitation to distinguish *Chalik* for the inverse proposition that the *Chalik* court would have found an actionable §1692d claim against Dinkin and the Law Firm if the *Chalik* Court had Miljkovic's affidavit before it.

This Court should affirm the District Court in this regard.  First, Miljkovic's argument completely overlooks the analysis the *Chalik* Court performed, which the lower court followed – to compare Dinkin's alleged conduct to the enumerated examples of §1692d to see if Dinkin's conduct was similar (though not exactly the same) to the conduct Congress sought to regulate under this section of the FDCPA. See *Chalik*, 677 F.Supp.2d at 1329; [D.E. at pp. 13-15].  Dinkin's Sworn Statement

"disputing" Miljkovic's exemption claim filed at the early stage of a post judgment garnishment proceeding is simply not a §1692d violation, as a matter of law. Second, the District Court properly noted that *Chalik* was distinguishable on the grounds the plaintiff represented himself *pro se* in the underlying garnishment proceeding, whereas Miljkovic was represented by the same counsel as in this case. As such, the District Court concluded that Miljkovic was not relatively more susceptible to harassment, oppression, or abuse, as the ordinary consumer would be per *Jeter*, as a matter of law. [See D.E. 34, at pp. 13-15].

The District Court also properly noted that Miljkovic's "Complaint is devoid of any factual allegations demonstrating that the Defendant's action was harassing, abusive, or oppressive." [*Id.* at p. 17]. Miljkovic declined the Court's invitation to amend his Complaint, stating the Complaint contained all the non-conclusory factual allegations to be made in this case. [*Id.* at p. 16]. The lower court also properly held that even if Dinkin had knowledge of Miljkovic's exempt status and filed his Sworn Statement to lengthen the time of the garnishment, this did not constitute the type of harassing, abusive, or oppressive conduct to state a valid §1692d. *Id.*; see also *Gabriele v. American Home Mortgage Serv., Inc.,*, 503 Fed. Appx. 89, 94 (2nd Cir 2012) (holding "[t]he FDCPA does not guarantee consumers an efficient or thrifty resolution of their putative debt, nor would the filing of three untimely motions interfere with a consumer's ability to answer and defend

himself.")  Importantly, Miljkovic's allegation relative to Dinkin's motivation for filing his Sworn Statement – to leverage a settlement – was entirely conclusory, and is contradicted by the email attachments to the Complaint.  Moreover, this allegation was only made under paragraph 36c to support Miljkovic's §1692f claim.[18]

Accordingly, the District Court's Order dismissing Miljkovic's §1692d claim should be affirmed.

**III.    The District Court correctly held that Appellees' filing a Sworn Statement with the state court to "dispute" Miljkovic's claim of exemption to trigger an evidentiary hearing was not a materially false, deceptive, or misleading statement in violation of §1692e or §1692e(10), as a matter of law.**

Section 1692e of the FDCPA prohibits false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C. §1692e. Section 1692e(10) prohibits the use of false representations or means to collect a debt.  15 U.S.C. §1692e(10).  In addition, the Second Circuit and other federal appellate courts have held there is a materiality requirement under §1692e. Specifically, the Second Circuit stated in *Gabriele* the following:

> Additionally, several other circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt.  *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir.2012) (recognizing that "courts have generally held that violations grounded in 'false representations' must

---

[18] Appellees address this claim under Section IV of their Argument below.

rest on material misrepresentations");    *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir.2010) (finding that mislabeling in state complaint of interest owed on debt was not a material misrepresentation under the FDCPA); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir.2009) (finding that state court complaint which mischaracterized debtor's credit-card debt as a loan was not a materially false or misleading statement under the FDCPA); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir.2009) (Easterbrook, C.J.) (holding that "a false but non-material statement is not actionable" under the FDCPA because "[a] statement cannot mislead unless it is material"); *Lane v. Fein, Such & Crane LLP*, 767 F.Supp.2d 382, 389-90 (E.D.N.Y.2011) (finding that misstatement in state complaint was not materially false or misleading under FDCPA); *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 11 Civ. 1111, 2012 WL 4372251, at *3-6 (D.Conn. Sept. 24, 2012) (adopting materiality requirement and dismissing s1692e claims based on discovery disputes and alleged procedural misconduct in state court action).

503 F. App'x at 93-94.

The District Court properly dismissed Miljkovic's §1692e claim because, in addition to Miljkovic being represented by counsel, Miljkovic failed to allege sufficient facts to establish a plausible claim that Dinkin's Sworn Statement contained any <u>materially</u> false, deceptive or misleading statements.[19]  [D.E. 34, p. 20]  Miljkovic alleges in his Complaint that Dinkin's Sworn Statement violated §1692e because he had actual knowledge Miljkovic was exempt from garnishment.

---

[19] This Court has not had the occasion to consider the "materiality" requirement to communications in the context of the "least sophisticated consumer standard." Dinkin and the Law Firm advocate this Court to follow the Second, Fourth, Sixth and Ninth Circuits and incorporate a materiality requirement to alleged false, deceptive, or misleading representations under 1692e, at least with respect to court filings since there are in fact other protections afforded litigants in judicial proceedings.

[D.E. 1, p.6 at ¶36b].  Miljkovic's only allegation that Dinkin had such "actual knowledge" of Miljkovic's exempt status is based on Miljkovic's self-serving affidavit.  [See *id.* p. 3, ¶¶17-18].  Dinkin, however, was not required to accept Miljkovic's affidavit as absolute.  *See, e.g.*, *In re Lamb* 409 B.R. 534, 540 (N.D. Fla. 2009) (holding "[t]he obligation to claim and prove entitlement to the [head of family] exemption is now rightfully on the Defendant in garnishment action. . . Thus fact that plaintiff filed a letter of response in the Main Action indicating that she was a 'single mother with kids' did not negate HFC's probable cause to file the garnishment proceeding.") (citation omitted).  Moreover, Miljkovic fails to allege in his Complaint, that any of the **<u>facts</u>** set forth in Dinkin's affidavit were false. Indeed, Dinkin's Sworn Statement was nothing more than a "traverse" of Miljkovic's affidavit, akin to a general denial interposed in an answer to a complaint that enters a general denial of the complaint's allegations.[20] Dinkin's affidavit, in relevant part, states "[o]n behalf of Plaintiff, the undersigned <u>disputes</u>

---

[20] Former Chief Judge Farmer of the Fourth District Court of Appeal perhaps said it best in *Brooks v. Foster*, 889 So. 2d 902 (Fla. 4th DCA 2004), where the judgment debtor sought to disqualify the garnishor's attorney:

> The role of the garnishor's lawyer challenging a judgment debtor's claim of exemption is the rough equivalent of the State Attorney's Traverse to the defendant's motion to dismiss the charges for legal insufficiency. The State Attorney has not thereby become a substantive witness against the accused, any more than any opposing lawyer becomes a personal adversary by saying "prove it." And that is all this lawyer has done.

that Defendant is a head of household/family within the meaning of Florida Statutes." (emphasis added).  [D.E. 1, Exhibit "B"].

Based on the foregoing, the District Court properly held that nothing contained in Dinkin's Sworn Statement could be construed as "false, deceptive, or misleading."  [D.E. 34, p. 19].  The District Court recognized that Dinkin's adhering to a statutory procedure – the filing of the Sworn Statement to trigger an evidentiary hearing as authorized by §77.041, FLA. STAT. – could not be deemed deceptive itself.  Further, Miljkovic alleged no other facts in his Complaint to show how Dinkin used the statutory scheme in a deceptive way.  Rather, Miljkovic continues to resort to inflammatory supposition and legal conclusions, such as Dinkin was attempting to leverage a settlement.  The lower court properly disregarded these legal allegations masquerading as facts.  *Jackson. v. Bellsouth Telecom.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Dinkin and Law Firm concede the District Court's holding under its §1692e analysis was predicated on the fact Miljkovic was represented by counsel from the inception of the underlying garnishment proceeding.  However, this was primarily to distinguish the case at bar from *Chalik.* The District Court's conclusion and dismissal of Miljkovic's §1692e claim was correct regardless of whether Miljkovic

was represented by counsel, because the lower court correctly held nothing about Dinkin's Sworn Statement was "false, deceptive or misleading," nor were any plausible facts alleged that Dinkin used the Sworn Statement in a deceptive manner. [D.E. 34, p. 19]. Rather, Miljkovic's well-pled facts illustrated Dinkin timely served discovery after receipt of Miljkovic's claim of exemption, and then timely moved to dissolve the Writ **three days** after receiving Miljkovic's document production containing "extensive financial information." [See D.E. 1, p. 5 at ¶32 ].

The Southern District Court's opinion in *Chalik,* however, is distinguishable on grounds other than the plaintiff proceeded *pro se* in the underlying garnishment proceeding. To be sure, however, it appears the district court's holding relative to the plaintiff's §1692e claim was primarily based on the above fact. Therefore, the District Court properly distinguished *Chalik* in this regard from the case at bar. Specifically, the Southern District Court noted:

> Plaintiff, representing himself, filed a claim of exemption from Defendants' writ of garnishment." Defendants filed a sworn statement denying Plaintiff's entitlement to an exemption from garnishment. Plaintiff alleges the sworn statement was filed in bad faith because Defendants had no specific knowledge regarding the exemption and merely sought to delay resolution of the post-judgment proceedings in an effort to collect the debt from Plaintiff.

677 F. Supp. 2d at 1325. Based on these allegations, the *Chalik* Court, without citing to any supportive authority or explaining its reasoning, held the following:

43

> A jury could find Defendants' sworn statement denying Plaintiff's claim of exemption, if untrue, to be a false representation. Thus the filing of a untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by §1692e(10) or more generally§1692e.

Nonetheless, there are other problems with the *Chalik* Court's holding. In particular, the *Chalik* court declined to consider or analyze why the defendants filed a sworn denial in response to the plaintiff's claim of exemption under Florida's garnishment statute, which is necessarily germane to the Court's analysis. See *Jordan v. Thomas & Thomas*, 2007 WL 2838474 *8 (S.D. Ohio Sept. 26, 2007) (holding "[a]n exploration into the nature of the affidavit requirement under Ohio law governing garnishment  procedures is a necessary predicate to determining whether Defendants' actions violated the FDCPA."). As such, it is important for this Court to consider Florida's garnishment statute, including its legislative history.

Prior to 1967, the predecessor to Section 77.03, Florida Statutes, required a judgment creditor to affirmatively negate the garnishment-defendant's ability to claim an exemption as a prerequisite to issuance of a writ of garnishment. See 1 STEPHEN B. RAKUSIN, FLORIDA CREDITORS RIGHTS MANUAL §2.05[A][1][d] (2009) (noting that until 1967,  Plaintiff's motion for a writ of garnishment had to affirmatively state that "the money or other things sought to be garnished were not due for personal labor or services of the head of a family residing in Florida"). As

a result of this legislative change, the obligation to claim and prove entitlement to an exemption is now rightfully on the defendant in the garnishment action.  *See, e.g.*, *Jelencovich v. Dodge Enterprises, Inc.*, 20089 U.S. Dist. Lexis 116309 (S.D. Fla. 2009) (citations omitted); *In re Parker*, 147 B.R. 810 (Bankr. M.D. Fla. 1992); see also *Cadle & Co. v. G &G Associates*, 757 So. 2d 1278, 1280 (Fla. 4th DCA 2000) (holding burden of proving an entitlement to an exemption from garnishment or attachment of money held by a debtor's employer is on the debtor). Indeed, Chapter 77 "sets forth the procedure for garnishment.  It provides no procedure for the prior determination of head of family before the issuance of a writ of garnishment."  RACHEL CREWS, CREDITORS AND DEBTORS' PRACTICE IN FLORIDA, CD FL-CLE 6-1 (§6.25) (2007).  Furthermore, after 1993, not all wages for personal labor or services of a head of family are completely exempt from garnishment.  *Id.* at 6-1(§6.27) (noting that prior to October 1, 1993, section 222.11 provided that all wages for personal labor or services of a head of family were completely exempt from garnishment).[21]

---

[21]  Interestingly, under the pre-1967 version of Florida's garnishment statute, the **defendant** was obligated to file an affidavit "traversing" the allegations of the plaintiff's affidavit filed in support of issuance of the writ of garnishment.  This triggered a trial of such traverse, "and if the allegation in the plaintiff's affidavit which is traversed is not sustained and proved to be true, the garnishment shall be dissolved."  *Pleasant Valley Farms & Morey Condensery Co. v. Carl*, 106 So. 427, 427-28 (Fla. 1925).  Now, the plaintiff is required to traverse the defendant's affidavit to avoid the automatic dissolution of the garnishment.  See  *Great American Ins. Co. v. General Contractors & Construction Mgt., Inc.*, 2008 WL

In 2011, the Fourth District Court, reviewing the same version of the statute at issue in *Chalik*, held that the procedure regarding a claim of exemption from garnishment under Section 222.12 (2009) <u>does not</u> authorize an attorney to execute a sworn denial of the judgment debtor's claim of head of household exemption because the statute clearly and unambiguously required the party suing out the writ to do so.  *Caproc Third Ave., LLC v. Donisi Ins., Inc*. 67 So. 2d 312 (Fla. 4th DCA 2011).  In July of 2013, all of this changed.  Senate Bill 592 repealed Section 222.12 in its entirety and amended Section 77.041(3) to permit an attorney to sign a sworn denial of a judgment debtor's claim of exemption, as follows:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions.  If the plaintiff <u>or the plaintiff's attorney</u> does not file a sworn statement that <u>answers</u> ~~contests~~ the defendant's claim of exemption within <u>8</u> ~~3~~ business days after hand delivering the claim and request or alternatively, <u>14</u> ~~8~~ business days<u>,</u> if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

As such, the holding in *Chalik* could be justified if the debt collection attorney violated Florida's garnishment statute by virtue of signing the traverse at

---

5056526 *4 (S.D. Fla. Nov. 21, 2008) (citing *Miami Herald Publishing Co. v. Payne*, 358 So. 2d 541, 543 (Fla. 1978) (holding that where garnishor fails to timely file objections to exemptions raised by the debtor, the writ of garnishment terminates by operation of law and the trial court is without authority to continue the proceeding and enter a judgment against the debtor.)

issue when he was not legally permitted to do so.[22]  Similarly, in all of the other

cases Miljkovic relies upon to justify his FDCPA claims, particularly his §1692e

claim, the debt collectors either violated the state garnishment statute at issue, or

the Social Security Act.  See *Todd*, 348 F.Supp. 2d 903; *Jordan* 2007 WL 2838474

(both involving violations of Ohio's garnishment statute and both involving bank

garnishments of elderly debtors); *Bray v. Cadle*, 2010 WL 4053794 (involving a

bank garnishment of an 87 year old's social security benefits of which the

defendants were aware through pre-garnishment discovery); *Hogue*, 494 F.Supp.2d

1043 (S.D. Iowa 2007) (sustaining a §1692f claim where the debt collector

garnished the bank account of an "elderly woman" containing exempt social

security funds after the debt collector was informed that the account only contained

exempt social security benefits).

To be sure, Dinkin and the Law Firm recognize that compliance with a state

statute is not a *per se* defense to liability under the FDCPA.  Where, however, the

FDCPA claim is premised on the debt collector adhering to and following a state

statutory procedure as Miljkovic claims, and no other law was violated in the

process, including any specific section of the FDCPA, such conduct alone cannot

reasonably be the basis for liability under the several provisions of the FDCPA.

See *Coleman v. Gordon*, 2012 WL 2374822 *2 (E.D. Wash. June 22, 2012)

---

[22] The *Chalik* court noted that the principals of Westport Recovery Corp. and
Friedman & Greenberg, P.A. were both attorney.

47

(granting summary judgment in favor of law firm where law firm's conduct was in "substantial compliance with Washington law governing garnishment proceedings"). This would penalize ethical debt collectors in contravention of Congress' expressed intent in the FDCPA. 15 U.S.C. §1692(e) ([i]t is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . .").

Moreover, if this Court ignores the framework of Florida's garnishment statute under which the alleged conduct arose, as the *Chalik* court did (but the *Jordan* Court did not do), then the Court will necessarily impose a new procedure on a state statute. Specifically, Florida debt collectors who receive a claim of exemption from a debtor in response to a Writ will be forced to immediately move to dissolve the Writ and pursue extensive discovery to determine whether the debtor can prove the exemption claimed, or risk liability under the strict liability provisions of the FDCPA. This will place the debt collector in the role of fact finder rather than the state court, none of which is contemplated by *Florida's* garnishment statute. See *G.E.E.N. Corp. v. Southeast Toyota Distributors, Inc.*, 1997 WL 561307, *2-3 (M.D. Fla. 1997) (holding "[t]he debtor has the burden of establishing entitlement to an exemption" and "[w]hile an individual may qualify

as the head of family . . . it remains for the Court . . . to determine who the actual head of the family is.") (citations omitted).

Accordingly, this Court should affirm the District Court's dismissal of Miljkovic's §1692e claim because Miljkovic failed to allege facts that Dinkin's affidavit was false, misleading or deceptive, or used in a deceptive manner, whether or not Miljkovic was represented by counsel.

**IV.    The District Court correctly held that Appellees' emails to Miljkovic's counsel did not violate §1692f standing alone, as a matter of law, and that Miljkovic's reliance on Dinkin's sworn statement to support his §1692f claim, was likewise insufficient to state a claim.**

Contrary to Miljkovic's argument, the lower court's ruling on Miljkovic's §1692f claim does not put Miljkovic in a "Catch-22", nor does the lower court's ruling impose an "election of remedies" on a consumer debtor.  Rather, the lower court fully analyzed Miljkovic's well-pled allegations in his Complaint relative to his §1692f claim, including the emails Miljkovic elected to attach to his lawsuit. After considering the emails and allegations of the Complaint, the District Court properly concluded that the attached emails themselves did not support a claim against the Law Firm and Dinkin under §1692f's catchall provision – that Dinkin's conduct was "unfair and unconscionable."  In other words, nothing contained in the email communications, which were **all** directed to Miljkovic's counsel, supported Miljkovic's allegations in paragraph 36c of his Complaint which reads, in relevant part, as follows:

49

Specifically, Defendants' sworn statements under oath denying Plaintiff's Claim of Exemption when Defendants had actual knowledge that Plaintiff's wages were exempt was unfair and unconscionable. Additionally, Defendants' refusal to release the garnishment in an attempt to leverage a settlement from Plaintiff was unfair and unconscionable.

The District Court properly recognized that Miljkovic had the burden to establish his head of household exemption at an evidentiary hearing and that Dinkin's client was entitled to have that hearing held following a filing of a claim of exemption with the state court. [See D.E. 34, p. 22] (citations omitted); see also *Cullen v. Marsh*, 34 So. 3d 235, 242 (Fla. 3d DCA 2010) (holding that lawyers who traversed defendant's claim of exemption were <u>not</u> subject to sanction under Section 57.105 simply because the debtor prevailed on the merits at the claim of exemption hearing, <u>because the garnishment statute entitled the creditor to a hearing</u>) (quoting F.S. 77.041(3)) (emphasis added).

The District Court also recognized earlier in its Order that all Dinkin "knew" from Miljkovic' affidavit is that Miljkovic "might be" exempt from garnishment if he presented evidence to corroborate his affidavit. [D.E. 34, p. 15]. Dinkin therefore did the prudent thing – he served Miljkovic with written discovery. [D.E. 1, p.4 at ¶25] When on February 25, 2014 Dinkin received Miljkovic's formal responses to his written discovery, he promptly moved to dissolve the Writ three days later. [*Id.* p.5 at ¶32]. In the interim, Dinkin did what all lawyers are encouraged to do by the judiciary – attempt to resolve the dispute between the

parties without the need to resort to court intervention.[23]  This is all Dinkin's email communications possibly show, even if they can be considered for purposes of establishing an FDCPA violation since they are all directed to counsel.

Therefore, the District Court correctly concluded Dinkin's emails did not support a claim under §1692f.

### A. The District Court considered and rejected the cases Miljkovic cited in support of his §1692f claim because they are distinguishable from the case at bar.

The District Court specifically considered Miljkovic's cited authority in reaching its ruling.  Moreover, Miljkovic did not cite "several" cases to the District Court that denied a Rule 12(b)(6) motion of a §1692f claim where the plaintiff did not allege a violation of the state's garnishment statute in the underlying state collection proceeding, or a violation of the Social Security Act.  In fact, the District Court specifically stated it considered *Hogue*.  [See D.E. 34, at p.8].  There can be little doubt the District Court considered *Chalik*, which is cited throughout its

---

[23]  To penalize Dinkin for trying to in good faith effectuate a settlement of a pending matter before the court would sanction Dinkin for complying with the Tenth Circuit Court's Standards of Professional Courtesy mandate that, "[A]ttorneys should, whenever possible, prior to filing or upon receiving a motion, contact opposing counsel to determine if the matter can be resolved in whole or in part."  See ADMIN. ORDER NO. 7-6.0 (10th Jud. Cir. Apr. 12, 1993).  Likewise, the judiciary universally encourages attorneys to resolve pending matters to minimize the need for court intervention to promote the effective and efficient administration of justice.  *See, e.g.*, FLA. R. JUD. ADMIN. 2.050(a) & (b)(3) (2013) (requiring the chief judge of every circuit court to develop a plan for the most efficient administration of all courts in the circuit); ADMIN. ORDER NO. 3-8.0 (10th Jud. Cir. Sept. 4, 1986) (establishing the county court mediation program).

Order, and which dismissed the plaintiff's §1692f claim premised on an allegedly false sworn statement filed in a Florida garnishment action.  While the lower court did not specifically cite *Todd*, the Law Firm and Dinkin's reply to Miljkovic's opposition brief filed with the District Court illustrates how the Ohio garnishment statute and the facts of *Todd* so differ from the statute and facts involved in the case at bar.  [See D.E. 24].  Briefly, *Todd* involved an elderly debtor, garnishment of a bank account containing exempt social security funds, and clearly alleged violations of Ohio's garnishment statute and the Social Security Act as the predicate for plaintiff's §1692f claim.  Similarly, *Bray* involved an 85 year old debtor, a garnishment of a bank account, and an alleged  violation of the Social Security Act as predicates for the plaintiff's §1692f claim.

These cases are simply **<u>not</u>** analogous to the case at bar involving a garnishment statute that does not require a judgment creditor to have a good faith basis to enter a traverse to a claim of exemption, nor was the debtor elderly, nor were social security funds garnished.  Rather, the debtor's wages were garnished and Florida law requires the debtor prove a claim of exemption by preponderance of the evidence.  The District Court properly recognized the factual distinctions and different statutory framework of Florida's garnishment statue from Ohio's garnishment statute, and instead followed *Taylor v. Health W. Williams*, LLC, 510 F.Supp. 2d 1206, 1217 (N.D. Ga. 2007) (quoting *Foti v. NCO Financial Systems,*

*Inc.,* 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); and the well reasoned portion of

*Chalik*, 677 F. Supp. 2d at 1330.  [See D.E. 34, p. 21].

> **B.    The District Court properly considered all of Miljkovic's allegations incorporated in Miljkovic's single-count Complaint and correctly concluded that Appellees did not engage in "unfair or unconscionable conduct" within the meaning of §1692f.**

In Section IV B of his Argument, Miljkovic argues that the lower court

misapplied Rule 8 of the Federal Rules of Civil Procedure, and "[o]nly by carving

up and atomizing Appellant's allegations  . . . was the District Court able to

conclude that there was a lack of sufficient allegations to support the Section 1692f

claim."  [Initial Brief, p. 48].  Miljkovic then argues that he was entitled to plead

alternative causes of action under the FDCPA in his one count Complaint, quoting

Rule 8(d)(3).  [See Initial Brief at p. 47-48.].[24]

Miljkovic also claims the District Court erred, in part, because the lower

court  relied on the entire body of case law arising under §1692f, which Miljkovic

argues is wrong.  That is to say, Miljkovic argues a plaintiff need not allege debt

collection conduct beyond that alleged to violate §1692d and §1692e to state a

claim under the catchall provision of §1692f, or, at minimum, does not need to do

---

[24]  Miljkovic's argument ignores the mandate of Rule 10 – "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).

so unless the consumer plaintiff has already stated a viable claim under these other sections of the FDCPA.

To support his theory that a plaintiff may allege in the alternative a violation of the catchall provision of §1692f without alleging any conduct beyond the facts alleged to support violations of other sections of the FDCPA, he cites to *Tsnes v. Trans-Continental Credit and Collection Corp.*, 892 F.Supp. 461, 466 (E.D.N.Y. 461 1995). Miljkovic argues that the holding in the *Tsnes* case has been misconstrued by every district court to rely upon it starting with *Foti*. [Initial Brief, pp. 51-53]. However, this would imply every district court and court of appeals to rely upon the rationale of *Foti* relative to an "f" claim has misconstrued Rule 8. This simply cannot be so. If a party can state claims in the alternative under Rule 8, then logic would dictate a plaintiff would be permitted to allege more than one *viable* claim under the FDCPA, and it would not be proper to dismiss a §1692f claim (as the Court in *Tsnes* did) *only* if other viable claims have been alleged under §1692d and §1692e. Therefore, there must be something more to the line of cases that have held a §1692f claim fails if additional misconduct is not alleged to distinguish that claim from a §1692d or §1692e claim *regardless* of whether those claims survive a Rule 12(b)(6) motion.

The Southern District Court of Texas recently recognized that "[a]though a violation of §1692f is not limited to conduct that falls within the statute's specific

prohibitions, there is 'a growing consensus, at least among the district courts, that a claim under §1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA.'" *Osborn v. Ekpz, LLC*, 821 F.Supp. 2d 859, 878 (S.D. Tex 2011) (citations omitted).  Though not expressly stated by the courts referred to by *Osborn*, or those that have since followed, the "growing consensus" that the misconduct alleged to support a generic §1692f claim must be "beyond" or "separate and distinct" from the conduct alleged to support a §1692d or §1692e claim must be premised upon the different meanings ascribed to each of these three sections of the FDCPA.  In other words, for a plaintiff to plead in the alternative <u>the same conduct</u> is "harassing, abusive, or oppressive," or "false deceptive, or misleading," or "unfair and unconscionable" is in actuality *impermissibly inconsistent pleading*, and nothing more than shotgun pleading.[25]

The Southern District of Alabama in *Eslava v. Alliance One Receivables Management, Inc.*, 2012 WL 4336012, *3-4 (S.D. Ala. Sept. 20, 2012) recently

---

[25] *See, e.g.*, *Roundtree v. Countrywide Home Loans, Inc.*, 2009 WL 5215334 *4 (M.D. Fla. Dec. 29, 2014) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n. 54 (11th Cir. 2008) (stating Rules 8 and 10 prohibit "shot gun" complaints, and that Rules 8 and 10 work together "to require the pleader to present his claims discreetly and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, and so the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . .") (quoting *Fikes v. City of Daphine*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

criticized such "shotgun" pleading tactics.  In that case, the plaintiff attempted to allege a generic §1692d and §1692f claim premised on one dunning letter directed to the debtor when it should have been directed to debtor's counsel.  *Id.* at *3.  The Court dismissed this claim, and then proceeded to dismiss the §1692f claim, as follows:

> Finally, plaintiff brought a claim under § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.  Case law clearly establishes that, to state a claim for violation of §1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA. *See, e.g., Stewart v. Bierman, 2012 WL 1655716, *9 (D.Md. May 8, 2012)* ("Plaintiffs' §1692f claim here fails to allege any conduct separate and distinct from the alleged § 1692e violations.... Plaintiffs fail to allege any separate facts that contend that Defendants engaged in unfair or unconscionable practices under §1692f[.] Therefore Defendants' motion to dismiss the §1692f claim will be granted.").

> Here, the Complaint unequivocally shows that Eslava is attempting to bootstrap a §1692f claim onto a claim of an alleged §1692d violation. The foregoing line of precedent forbids her from doing so. Tellingly, in response to the Motion to Dismiss, Eslava makes no effort to defend the §1692f claim or to suggest that it is legally cognizable even though it is an unabashed retread of her §1692d cause of action. Accordingly, the Court finds that plaintiff's §1692f claim, as pleaded, fails as a matter of law. The Motion to Dismiss is granted as to this claim, and the §1692f cause of action is dismissed**.**

Recently, the Northern District of Georgia followed *Eslava* in *Austin v. Frederick J. Hanna & Associates, P.C.*, 2014 WL 4724885 (N.D. Ga. July 10, 2014) (decided eight days after oral argument before the lower court). *Id.* at *9.  In

*Austin*, the Northern District Court dismissed a general §1692f claim because the plaintiff failed to allege conduct different from his §1692d claim. *Id.* at *10. Importantly, the *Austin* court only sustained a §1692d claim because the debtor had specifically disputed he owed the debt at issue in the underlying garnishment proceeding, and, in fact, that law firm knew the debt was <u>paid in full</u> from a prior garnishment action the law firm initiated, but nevertheless then filed a *second* garnishment action to collect post judgment interest the law firm knew was not due. *Id.* at *4-5.  These allegations are a far cry from those made in this case in which Miljkovic did not dispute the debt or claim Dinkin sought to collect any amounts not due, or that Dinkin mischaracterized the nature or amount of the debt. Therefore, if an §1692f claim was not sustainable under the facts alleged in *Austin*, Miljkovic's §1692f claim is tantamount to a bad faith claim.

Accordingly, the District Court properly dismissed Miljkovic's general §1692f claim for failure to state a claim because he was simply trying to "boot strap" his §1692f claim to either his §1692d or §1692e claims.

**C.**     **The District Court did not reject Miljkovic's §1692f claim simply because Miljkovic alleged the same conduct violated §1692d and 1692e, but rather held, as a matter of law, Appellees' filing of a sworn denial of a debtor's claim of exemption in a state court garnishment proceeding was not "unfair" or "unconscionable" simply because the Debtor's affidavit contained facts that, if proven, would establish the claimed exemption.**

Even if a plaintiff need not allege conduct beyond that to sustain an §1692d or §1692e claim, the District Court still properly dismissed Miljkovic's §1692f claim. It would seem that the line of cases holding a plaintiff must allege conduct beyond that alleged in support of other FDCPA claims is premised on the definition of "unfair" and "unconscionable". The District Court specifically considered the concepts embodied by this "vague" phrase in its Order, as follows:

> Additionally, at the hearing, Miljkovic failed to explain how Defendants' conduct was unconscionable beyond reasserting that Defendants filed the sworn reply and continued the garnishment for weeks in order to "unconscionably" pressure Miljkovic into settlement. As Defendants pointed out, they had the right to seek an evidentiary hearing to determine the validity of Miljkovic's claim of exemption.

[D.E. 34, p. 22]

This Court observed in *LeBlanc* that "'[t]he phrase 'unfair or unconscionable' is as vague as they come.'" *LeBlanc*, 601 F.3d at 1200 (quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, LLC 480 F.3d 470, 474 (7th Cir. 2007). Vague phrases used in strict liability statutes such as the FDPCA must therefore be applied with caution, especially against lawyers following a state statutory procedure in the course of representing a client. The Seventh Circuit

Court ruling in *Beler* underscores the problem with Miljkovic's approach to §1692f:

> Instead of asking us to make rules in common-law fashion, and apply them retroactively, Beler wants us to use §1692f to enforce other legal rules. Her theory is that it is "unfair" or "unconscionable" for a debt collector to violate any other rule of positive law. She has in mind 42 U.S.C. §407(a), which exempts Social Security benefits from attachment or other legal execution, and Illinois law, which adopts the same rule. See *Fayette County Hospital v. Reavis* 523 N.E.2d 693 (5th Dist 1998).
>
> There are two problems with Beler's approach. First, §1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause. If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise, if the Law Firm violated Illinois law §1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

In the case at bar, Miljkovic basically advocated to the lower court, and now advocates to this Court to do something more egregious then what the *Beler* Court refused to do: hold retroactively that a cause of action may be stated against a lawyer and his law firm under the general provision of §1692f when: (1) the lawyer and law firm have complied with a state garnishment statute; (2) no other law or statute has allegedly been violated; (3) the debtor did not dispute the debt; (4) state law placed the burden of proof on the debtor to prove his claim of exemption in the state garnishment proceeding; (5) the debtor had not provided the lawyer and law firm with credible corroborating evidence of the debtor's

exemption prior to the garnishment proceeding (which Miljkovic had **5 years** from the date of the judgment to do); and (6) the lawyer and law firm promptly moved to dissolve the garnishment after receiving written responses to discovery containing "extensive financial information."  Miljkovic also overlooks that it was *Dinkin* that initiated the scheduling of Miljkovic's exemption hearing on February 19, 2014.  [See D.E. 1, p. 4 ¶27-29].  Under §77.041(3), the state clerk of court is responsible to schedule the hearing on a claim of exemption.  When this did not occur in a reasonable amount of time, it was *Dinkin's office* that initiated the scheduling process.  [*Id.* at ¶29.]  This begs the question why Miljkovic's counsel did not take the lead on scheduling the exemption hearing, which Miljkovic admits was set for the "first available hearing date."  [see *Id.* at ¶28.]  At a minimum, however, it eliminates any reasonable inference by Miljkovic or a jury that Dinkin was trying to leverage the garnishment to force a settlement.

In short, Dinkin's conduct does not come close to being "unfair" or "unconscionable."  Dinkin's conduct was certainty not "marked by injustice, partiality, or deception," *LeBlanc*, 601 F.3d at 1200.  Nor did Dinkin's conduct have the "tendency or capacity to deceive."  *Jeter*, 760 F.2d at 1172.  Rather, Miljkovic's allegations demonstrate that Dinkin conducted himself in the manner expected of all members of the Florida Bar – he placed his duties as an officer of the court above his duty to zealously advocate for his client first when he served

discovery, and then when he took the initiative to coordinate the exemption hearing

with the state court, and then when he moved to timely dissolve the garnishment

following receipt of Miljkovic's formal discovery responses.  [See D.E. 1, p. 5 at

¶32]; see also *Boca Burger v. Forum*, 912 So. 2d 561, 571 (Fla. 2005) (holding

§57.105, as well as the Florida Bar rules of professional conduct and even the oath

of admission to the Florida Bar, all warn-if any warning were needed-that counsel

must be governed by considerations other than mere zealous advocacy for the

client).[26]  Dinkin timely moved to dismiss the garnishment proceeding prior to the

exemption hearing that Dinkin's office coordinated.  Therefore, Dinkin's conduct

could not be reasonably interpreted to be "unfair" or "unconscionable" by a jury.

Consequently, whether Miljkovic failed to allege conduct beyond the

conduct he alleged to state a claim under §1692d or §1692e to support his §1692f

claim, or whether Dinkin's alleged conduct is analyzed within the context of the

actual meaning of §1692f and the conduct Congress intended to prohibit under this

general provision of the FDCPA, Miljkovic's §1692f claim is simply not

---

[26] In would be patently unfair to hold Dinkin and his Law Firm liable for conduct that over and above what the Third District Court has held is not sanctionable conduct under Florida law.  ."  See *Cullen v. Marsh*, 34 So. 3d 235, 242 (Fla. 3d DCA 2010) (holding that lawyers who traversed defendant's claim of exemption were not subject to sanction under Section 57.105 simply because the debtor prevailed on the merits at the claim of exemption hearing, <u>because the garnishment statute entitled the creditor to a hearing</u>) (quoting F.S. 77.041(3)) (emphasis added).  This outcome is consistent with not prosecuting a debtor for perjury if the debtor fails to prove his exemption claim at the hearing.

sustainable against Dinkin and the Law Firm.    Accordingly, the lower court's dismissal of Miljkovic's §1692f claim should be affirmed.

## <u>CONCLUSION</u>

This Court should affirm the District Court's order dismissing Miljkovic's Complaint against Dinkin and the Law Firm because Miljkovic failed to allege facts to establish Dinkin violated any of the several provisions of the FDCPA.  The fact that Miljkovic could not identify one specific section of the FDCPA that Dinkin violated is telling.    Affirming the District Court's Order under these circumstances will preserve Congress' stated intent under the FDCPA not to penalize ethical debt collectors such as Dinkin.

Respectfully submitted,

/s/Steven R. Braten
Steven R. Braten
Florida Bar No. 0018074
STEVEN R. BRATEN, P.A.
500 Gulfstream Boulevard, Suite 104
Delray Beach, Florida 33483
Phone: (561) 270-3291
Fax:   (888) 202-1679
Srblaw2012@gmail.com

Attorney for Appellants Shafritz and Dinkin, P.A. and Mitchell A. Dinkin, Esquire.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 13,212 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  The undersigned relied upon the word count of the word-processing system (Microsoft Word) used to prepare this brief to make this certification.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the <u>19</u><sup>th</sup> day of <u>November</u>, 2014, pursuant to Fed R. App. P. 25(d) and 32(a) one (1) original and six (6) copies of the foregoing was sent via overnight mail to the Clerk of the Court, and electronically filed using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record for the Appellant either via transmission of Notices of Electronic filing generated by CM/ECF, or by U.S. mail on those counsel or parties not authorized to receive electronically Notices of Filings:

Eric C. Roberson, Esquire
Eric C. Roberson, P.A.
2064 Park St.
Jacksonville, Florida 32204
T. 904/404-8800
F. 904/517-8387
email: <u>eric@robersonlawjax.com</u>

and

Scott R. Bauries,
7207 Vaughn Road,
Canton, GA 30115
T. 904/200-1352
F. 904/517-8387
email soctt.bauries@uky.edu

                                      Respectfully submitted,

                                        /s/Steven R. Braten
                                        Steven R. Braten
                                        Florida Bar No. 0018074